Calvert v. Marlow.

| 18 | 67 |
| 100 | 618 |

## CALVERT vs. MARLOW.

1. Counts in debt and detinue may be joined.
2. It is sufficient upon general demurrer that the breach assigned be in words which contain the sense and substance, though they be not in the language of the contract. A request of payment need not be avered, unless such request be a condition precedent.
3. The original inventory and appraisement returned by an administrator to the Orphans' Court, if it has not been recorded, is admissible in evidence as a part of the *res gestæ* to show the character in

Calvert v. Marlow.

which the administrator held possession of a particular chattel mentioned in them, but for no other purpose.

4. The administrator of a deceased partner who comes to the possession of a note, payable to the firm, which he claims to hold as assets of his intestate, may be sued at law by the surviving partner to recover the note or its proceeds.

ERROR to the County Court of Mobile.

THE defendant, as surviving partner of Charles Hammond, sued the plaintiff in error to recover a note or its proceeds, made payable to the firm by Fleming Freeman.   Counts in debt and detinue as on a bailment and a finding, were united in the declaration, and there was a demurrer by the defendant, which was overruled by the court.   The defendant relied on the defence that he received said note as administrator of said Hammond and that it was the individual property of said Hammond at the time of his death, and for the purpose of showing the character of his possession, the defendant offered in evidence the original inventory and appraisement returned by him to the Orphans' Court, which on the motion of the plaintiff was rejected.   Such other facts as may be necessary to a full understanding of the points decided will be found in the opinion of the court.   The court below charged the jury that a surviving partner may sue the administrator of the deceased partner at law for assets of the partnership, which have come into the hands of such administrator, to which charge and the several rulings of the court the defendant excepted and he now assigns them as error.

SEWALL, for the plaintiff in error:

1. Debt and detinue cannot be joined.   Whatever the ancient practice may have been, the joinder of these actions is condemned by the rule which is now well established, viz: that different actions may be joined when the same plea may be pleaded and the same judgment given.

2. The first and second counts are defective for want of a breach.   The breach at the conclusion of the declaration can refer only to the last count in detinue.—1 Chitty, 332.

3. The original appraisement was competent evidence for the purpose for which it was offered.   The objection that it was recorded, was contrary to the fact—no final record had been made in the case, and it was incumbent on the objector to

show that a final record had been made. The appraisement is not the act of the administrator, but of persons appointed by the Orphans' Court, and who make and return it upon their oaths. It was competent evidence to show that the note of Fleming Freeman came into the hands of the administrator as assets of his intestate, and that he held it merely as his representative.

4. A surviving partner cannot maintain an action at law against the representatives of the deceased partner for partnership assets, until there has been a settlement of the partnership business and a balance found due.—Calvert v. Marlow, sen., 6 Ala. 337. And on this ground the charge refused was proper, and the charge given was not law.

5. A person sued individually for property may defend on the ground that he holds only as administrator.—Gamble v. Gamble, adm'r, 11 Ala. 977.

Doulass Smith, for the defendant:

1. The breach is sufficient, is general, and applies to all the counts.

2. The original appraisement, being recorded, could not have been used in evidence. It was a mere pointing out or designation of the property by himself, was made by himself, and was "res inter alios acta," of which we had no notice, and to which we were no party.

3. The charge of the court was correct. It is admitted in Calvert v. Marlow, 6 Ala., that there are exceptions to the rule there laid down. The rule there is applied only " to a debt due from a deceased partner, as a partner, or money in hand at the time of his death." Where money is owing to two partners, and after the death of one, it is paid to a third person, the survivor may declare for money had and received to his use.— Smith v. Barrow, 2 T. R. 476; 2 Saun. Pl. & Ev. 703. A surviving partner, being responsible for all the company debts, is entitled to all the company credits, and may therefore recover from the administrator of a deceased partner, money received by the administrator on notes taken by deceased partner in his own name, for debts due the partnership.—McCarty v. Nixon, 2 Dall. 656, note. A payment to an executor or administrator of a deceased partner, is no satisfaction to a surviving partner, who has the sole right of suing for, and recovering

moneys due to the company. Therefore, where in a foreign attachment, the garnishee had paid one half of the judgment to the executor of the deceased partner, it was held not to be sufficient ground to discharge him from an execution issued by the surviving partner for the whole amount.—Wallace v. Fitzsimmons, 1 Dall. 248; Manning v. Brickell, 2 Hayw. 133.

CHILTON, J.—1. It is insisted that there is a misjoinder of counts in the declaration—debt and detinue being joined.

Originally the action of detinue was nothing more than an action of debt in the detinet, or detinue on a bailment, but in more modern times, it is allowed to bring it for chattels *tortiously* taken. I apprehend that originally it was allowable only to unite a count in debt with detinue upon a bailment, and not where the count in detinue was for a *tortious* detention. Such seems to be the opinion entertained by the Court of Appeals of Kentucky, in Buckner v. Hamilton, 3 Dana's Rep. 44. But where the plaintiff counts upon a supposed finding, it cannot be determined from the count how the party defendant came to the possession of the chattel, for the averment that the goods, &c. came to defendant by finding, is not traversable. It seems to be generally agreed by the books, that the actions may be joined, and we see no reason why they should not.—Browne on Actions at Law, 361; 2 Saun. R. 117, *b*.; 1 Saun. Pl. & Ev. 434. There is, in our opinion, no misjoinder.

2. It is objected that the first and second counts are defective for want of the assignment of a breach. It is sufficient upon general demurrer that the breach assigned be by words which contain the sense and substance of the contract, though it be not in the language of the contract. In these counts the pleader sets forth the defendant's liability to pay the sum of three hundred dollars; the first for money had and received to plaintiff's use; the second upon an account stated; and the breach in each is, " that by reason of said sum of money being wholly unpaid, an action hath accrued," &c. It is not necessary to aver a request of payment in the declaration, unless such request be a condition precedent. It may be omitted in the common counts, for in such case no proof of request is required, though it be avered.—1 Chitty Pl. 329-30; Ib. 333; 7 Johns. R. 462; 6 Mass. R. 366.

3. It is objected, that the court below excluded as evidence the original appraisement and inventory of the estate of Hammond, which had been duly made and returned to the Orphans' Court. We think, if this inventory had not been recorded in the Orphans' Court, so as under the previous decisions of the court to be inadmissible, (and the bill of exceptions does not show that it had been made a matter of record,) it was admissible as evidence to show that the defendant claimed to hold the note on Freeman, not in his own right, but in *outre droit*, as the administrator of Hammond. It amounts to a declaration in writing and sworn to by him, of this fact; and like any other declaration of a party in possession of a chattel, explanatory of his possession, is legal proof as part of the *res gestæ*, to show the character of his possession, but for no other purpose. The court then erred in rejecting it, as the party defendant had the right to show in what capacity he claimed to hold the said note —namely, as the administrator of the deceased partner, Hammond. But before we can reverse for this error, we must go further and ascertain whether its rejection has prejudiced the defendant below, and this turns upon the solution of the only remaining question, which is—

4. Whether the administrator of a deceased partner, who comes to the possession of a note payable to the firm, and who claims to hold the same as assets belonging to the estate of such decedent, can be sued at law by the surviving partner for the note, or for the funds collected by such administrator upon it. If the note on Freeman did not belong to the firm, but to Hammond individually, then it is wholly immaterial whether the administrator claimed in his own right, or as administrator, for in neither event would the plaintiff below be entitled to recover. If, however, it belonged to the firm, and the administrator held it as assets of the estate of the deceased partner, but the law notwithstanding this gave him no right to it, and authorised a recovery of it from him by the survivor, then it is equally clear the proof proposed to be made by the introduction of the appraisement becomes impotent in its effect upon the cause. It is therefore manifest that the case must turn upon the right which the surviving partner has to the assets of the firm in the form of *choses in action*, and whether he can as such maintain this suit against the administrator of the deceased partner.

Judge Story, in his work on Partnership, page 494, asserts the law to be, that choses in action, debts, and other rights of action, belonging to the partnership, at law, belong to the surviving partners, "*and they possess the sole and exclusive right and remedy to reduce them into possession.*" The representative of the deceased partner, where such *choses in action* are reduced into possession, possess the same right to participate in them which the deceased partner would have had while living.—Ib. note 1.

If the surviving partner abuse the trust, or there be a well-founded apprehension that he will mismanage or waste the effects, the representative of the deceased partner has his remedy in chancery for an injunction and the appointment of a receiver, so that the same shall be husbanded and duly applied according to the terms of the partnership agreement.—See 1 Dess. R. 429; 8 Ves. R. 317; 6 Bev. R. 498—see also, Collier on Part. §§ 129, 666, and notes.

In Wallace, surviving partner, v. Fitzsimmons, 1 Dallas' R. 248, the executor of a deceased partner collected one half of a demand due from one of the debtors of the firm, and the question came up, whether such payment operated so as to discharge the debtor from the claim of the surviving partner for the same demand. The court said, "The payment to an executor or administrator of the deceased partner, can be no satisfaction to a surviving partner, who has the sole right to sue for and recover monies due to the company." This point, they said was exceeding clear. So, in Goulding v. Vaughn, 2 Chitty's R. 436, the plaintiff declared for goods sold and delivered to the defendants and one George Vaughn, then in life, but since deceased, and he added counts for goods sold and delivered to the defendants alone, and upon promises made by them. There was a demurrer for misjoinder, and it was insisted that the demands were incompatible; but the court said, "there was nothing in the objection, though in some cases of partnership the right or liability survives for or against the executors of the deceased partner, yet *at law*, the legal right and liability entirely survive against and for the surviving partner, who alone can at law sue and be sued."—See also, Richards v. Hewther, 1 Barn. & Adol. 29; 6 T. Rep. 582; 1 Esp. 47; 5 T. Rep. 403.

In Peters v. Davis, 7 Mass. R. 257, it was held that notwith-

standing the adjustment of all the concerns of the partnership between the surviving partner and the executor of the deceased partner, in which it had been agreed between them that the proceeds of a certain outstanding demand in favor of the firm should be equally divided between them, yet such demand belongs to the survivor to collect, and the administrator could not sue at law for the proportion due to his intestate.—See also, McCartny v. Nixon, 2 Dallas' Rep. 65-6.

In Penn v. Butler, 4 Dallas' Rep. 354, which was a proceeding in chancery to determine whether the surviving co-obligee in certain bonds, mortgages, &c., should have the possession of the whole of them, or whether the Chancery Court would apportion them between him and the executor of the deceased obligee, who was beneficially entitled in right of the testator to an interest of one fourth in them, the court held that the survivor was at law entitled to the possession of the joint securities in order that he might recover the amount.

" The general rule," says Williams in his work on Executors, v. 1, 144-5, " is now settled, that though the right of the deceased partner devolves on his executor, yet the *remedy* survives to his companion, who alone must enforce the right by action, and will be liable, on recovery, to account to the executor or administrator for the share of the deceased."—Ib. 411, 546.

In a case between these same parties, reported in 6 Ala. 337, the rule is stated to be that at law the surviving copartner could not maintain an action against the representative of a deceased partner for the recovery of a debt due by the latter to the firm, or for money in hand at the time of his death, unless the partnership accounts had been settled and a balance struck: that the remedy in such case is in equity.

Without adverting to further authority, we think we may safely deduce as a conclusion from those we have above noticed, that the survivor of the firm is *legally* entitled to the note sued for; it constitutes the evidence of a demand which he alone is competent to sue for and collect; and that, being thus *legally* entitled to it, he has a remedy to enforce that right; otherwise the anomaly is presented of a legal right without a remedy: Also, that as the survivor is the party who is to settle up the affairs of the partnership, to collect its dues and pay the demands outstanding against the firm, he has the right to the possession

of the choses in action, and if they have been converted by the executor of the deceased partner, his remedy extends to him as well as to any one else. So that if the executor has obtained money upon a note belonging to the firm, the surviving partner has his election either to proceed against the original debtor, who is not discharged by such payment, or against the executor as for money received to his use. We think it very clear that he could recover the note in detinue, if it was the property of the firm, being a *chose in action* which exclusively belongs, for the purpose of collection, settlement and distribution, to the survivor. The case in 6 Ala. 337, does not militate against the view we take, as in that case the effort was to charge the administrator of the deceased with a demand due from his intestate, if any was due.

It results from what we have said, that the court below correctly decided the law in the charge given, and in refusing to charge as prayed for by the counsel for the defendant below.

There is no error in the record prejudicial to the plaintiff in error. Let the judgment be affirmed.