## CARSWELL vs. SPENCER.

[FINAL SETTLEMENT OF GUARDIAN—JURISDICTION OF PROBATE COURT.]

1. *Probate court; what application has not jurisdiction of.*—If a ward die, and his guardian is appointed administrator of his estate, the probate court, in such a case, has no jurisdiction, at the instance of a distributee, to entertain an application to call the guardian to a settlement of his guardianship, for the reason that any decree rendered in such a case, must necessarily be rendered in favor of the guardian, in his character of administrator ; and as no judgment or decree can be rendered for,

Carswell v. Spencer.

and against the same party, such a judgment or decree, if rendered, is a nullity.

2. *Same; remedy in such case.*—In such a case the remedy is in chancery, where the distributee, on a proper bill filed for that purpose, can make the guardian a party in both characters—as guardian and as administrator—and pray for a final settlement and distribution of the estate, by the party as administrator and as guardian on a final accounting and settlement of his guardianship.

3. *Final decree; what has none of properties of, and will not support an appeal.*—If such a proceeding be had, in the probate court, after the death of the ward and the appointment of the guardian as administrator, an entry by the court that on auditing the guardian's account, a certain sum is found to be in his hands as guardian, which sum as administrator of the ward's estate he is directed to retain until the further order of the court, has none of the properties of a final judgment or decree, and no appeal can be taken on it, and if an appeal be so taken, in such a case, it will be dismissed.

APPEAL from Probate Court of Greene.
Tried before Hon. WILLIAM MILLER.

On the 5th September, 1864, the appellee, Spencer, was appointed guardian of W. F. Rogers, a minor, who died intestate in October, 1866. On December 3d, 1866, said Spencer was appointed administrator of the estate of his deceased ward. On the 14th of January, 1869, said Spencer was cited by the probate court, at the instance of Mrs. Caroline Carswell, who claimed to be the sole heir-at-law and distributee of said deceased minor, Rogers, to make a final settlement of his accounts as guardian.

On the day set for the hearing of the cause, said Caroline A. Carswell appeared in court, was made a party to the settlement, and made various motions to charge the appellee, as guardian, with various sums, and objected to the allowance of various credits, which, in the view of the case taken by the court, it is unnecessary to notice further.

The court rendered the following judgment :          *

*          *          *          *          *          *          " The court proceeded to hear and audit the account of the guardian, when it appeared that the amount received by the guardian, was $1,631 53, and his disbursements, supported by good and legal vouchers, including all the costs of this proceeding, and commissions allowed, amounted to the

sum of $1,279 91, and leaving a balance due the ward, in the hands of the guardian, on final settlement, the sum of $351 42, which the guardian, being the administrator of the estate of Wm. F. Rogers, deceased, is authorized and required to retain in his hands subject to the further order of this court."

The appellant excepted to the various rulings of the court, on the settlement, took an appeal to this court, and here makes eighteen assignments of error; none of which need be noticed further.

The appellee moves to dismiss the appeal—

1. Because the decree below was against J. M. Spencer, as *guardian*, and in favor of the same J. M. Spencer as *administrator*, of the same estate, Mrs. Carswell being really no party to the record, and not authorized to take an appeal.

2. Because there is no such final decree as will sustain an appeal.

3. Because the probate court had no jurisdiction of the cause.

4. Because the appeal is not shown by the record, and there is no sufficient security for costs.

R. CRAWFORD, for appellant.
CHILTON & THORINGTON, *contra*.

PECK, C. J.—The appellee moves to dismiss this appeal—1st, on the ground that, under the peculiar circumstances of this case, the probate court had no jurisdiction to entertain these proceedings, and that the remedy is in the chancery, and not in the probate court; 2nd, that there is no final decree, upon which an appeal can be taken; and, 3d, that the appeal is not shown by the record, and that there is no sufficient security for the costs.

On the first ground, the appellee refers to, and relies upon the case of *Hays, Executor, v. Cockrell, Administrator*, 41 Ala. 75. Although that case, in all its features, is not like this, the principle there settled, we think, is decisive of this motion, and shows that the appeal must be dismissed.

In that case, Hays was the administrator, *de bonis non*,

of the estate of one Hairston, deceased, and, also, the executor of Mrs. Hairston, the widow, who, at her death, was the administratrix of her deceased husband, the said Hairston. This court says in that case, that the probate court had no jurisdiction to settle with such executor, the administration of his said testator, as the administratrix of her said husband's estate. The court held, that the party making the settlement, being the representative of both estates, no decree could be rendered *in his favor* as the representative of one estate, *against himself*, as the representative of the other. That is, substantially, the predicament of this case. The appellee is the administrator of his deceased ward's (Wm. F. Rogers') estate, and, at the instance of the appellant, who claims to be the sole heir-at-law and distributee of the said ward's estate, he is sought to be called to an account and settlement of his guardianship, and to be charged with the estate of his late ward, that came to his hands, as guardian, &c. It is clear, therefore, on such a proceeding, if any decree is rendered against him, as guardian, it must be rendered for him, as administrator. Such a decree would be an absurdity—a mere nullity.—See the case of *Hays, Ex'r, &c., v. Cockrell, Adm'r, supra*, p. 87.

No decree, in such a case, could be, and, in this case, none is rendered for the said party claiming to be sole heir-at-law and distributee of the said deceased ward, nor is any decree rendered against her.

As in contracts, so in judgments and decrees, unless in proceedings *in rem*, there must be, of necessity, two parties —one party for whom, and another party against whom, the judgment or decree is rendered, and a judgment or decree that is rendered for, and against the same party, as we have seen, is a mere nullity. In this case, as I have said, there is no judgment or decree either for, or against, the appellant; if, therefore, there is any judgment or decree in this case, it must be for the said appellee, as administrator, and against him, as guardian; and as the probate court had no authority—no jurisdiction to render such a judgment or decree, the appeal must be dismissed. It is insisted by appellant, that section 9 of article VI. of the

Carswell v. Spencer.

present constitution, gives the probate courts a general jurisdiction in "orphans' business," a jurisdiction, it is said, these courts did not have before the adoption of the constitution—a jurisdiction that, now, it is contended, enables them to exercise all the powers of a court of chancery, in orphans' business. It is unnecessary for us to decide, in this case, what powers the general assembly may confer on these courts, under this section. It is enough, here, to say, that there has been, as yet, no legislation on this subject, and until this is done, their jurisdiction and powers will remain as they were before the constitution was adopted.

2. Is there any final judgment or decree in the record to sustain this appeal? The transcript appears on this subject, in substance, as follows: "The court proceeded to hear and audit the account of the guardian, when it appeared that the amount received by the guardian was $1,631 53, and his disbursements supported by good and legal vouchers, including all costs of this proceeding, and commisions allowed, amounted to the sum of $1,279 91, and leaving a balance due the ward, in the hands of the guardian, on final settlement, the sum of three hundred and fifty-one dollars and forty-two cents, which the guardian, being the administrator of the estate of Wm. F. Rogers, deceased, is authorized and required to retain in his hands, subejct to the further order of this court."

This entry, certainly, has none of the properties of a final judgment or decree. It merely finds, that a certain sum was in appellee's hands, as guardian, and which, as administrator, he is directed to retain in his hands, subject to the further order of the court.

It is unnecessary to consider the third ground assigned, to dismiss this appeal—the two we have disposed of, are sufficient for that purpose.

We do not decide that the appellant, as sole distributee of the estate of the deceased ward, Wm. F. Rogers, can not call the appellee, as administrator, &c., as aforesaid, to a final settlement and distribution of the estate of said ward, in the probate court, or, whether, on such settlement, the administrator, as such administrator, can be charged

with more than the assets of said estate, that have come to his possession in that character. On these questions, we leave her to take the advice of her counsel. But we decide, that under the peculiar circumstances of this case, the probate court has no jurisdiction of an application to require the said appellee, as the late guardian of said deceased ward, to come to a final settlement of his said ward's estate, for the reasons above stated, to-wit, that any decree, that could be rendered on such settlement, must be rendered against him, as guardian, and in his favor, as administrator, of said ward's estate ; but that the remedy, in such a case, is in chancery, where, on a proper bill filed, the said appellee could be made a party defendant, in both characters, both as late guardian, and present administrator, of the ward's estate, and on such a bill the said court could not only require him to come to a final settlement and distribution of said estate, but also compel him to settle up his guardianship, and hold him accountable for any loss to the estate, by reason of any misconduct or neglect in the discharge of his duties as guardian, or violation of his trust as such guardian.

We also decide, that there is no final decree in this record, upon which the appellant can sue out an appeal to this court.

Let the appeal be dismissed, at the costs of the appellant.