# Costley v. Wilkerson's Administrator.

### Action for Price of Goods sold and delivered.

1. *Rights of surviving partner.* — On the dissolution of a mercantile partnership by the death of one of its members, the surviving partner has the right to collect the outstanding accounts due to the firm ; and on his death, his personal representative succeeds to this right.

2. *Sufficiency of complaint, after verdict, in showing plaintiff's right of action.* — In an action by the administrator of a deceased partner, on an account for goods sold and delivered by the firm, if the complaint avers that the plaintiff has possession of the assets of the firm as administrator, and is settling the business of the firm by agreement with the administrator of the other partner, and it is not objected to, this is sufficient, after verdict, to show the plaintiff's right to maintain the action.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. L. B. STRANGE.

C. D. HUDSON and RICE, CHILTON & JONES, for appellant.

W. H. BARNES, contra.

PETERS, J. — This is an action at law instituted by John C.
Towles, as the administrator of Henry L. Wilkerson, deceased,
on an account, or verbal contract. The count of the complaint
is in the following words, to wit: " The plaintiff, as the administrator of Henry L. Wilkerson, deceased, and by an
express understanding with the administrator of James W.
Kellam, deceased, claims of the defendant six hundred dollars,
due by account for goods, wares, and merchandise sold by Kellam & Wilkerson, composed of James W. Kellam and Henry
L. Wilkerson, to the defendant, during the years 1859, 1860,
1861, and 1862, and delivered by said late firm to said defendant ; and the plaintiff avers that, as the administrator of
said Henry L. Wilkerson, he has possession of the assets of
said firm, and is, by agreement and understanding with the
administrator of James W. Kellam's estate, winding up and
settling the business of said firm, with interest thereon." To
this complaint the defendant made the following answer, by
way of plea : That is to say : " The defendant pleads, in short,
by consent : 1st. Payment in full of the account of 1859 at its
maturity, to wit, on the first day of January, 1860 ; 2d. The
Statute of Limitations of six years ; 3d. The Statute of Limitations of three years ; 4th. Non assumpsit." Upon these
pleadings the following judgment was rendered by the court
below, to wit: " This day came the parties, by their attorneys,
and thereupon came a jury of good and lawful men, to wit,
R. J. Tomlinson, foreman, and eleven others, who, being
elected, empanelled, sworn, and charged to well and truly try
the issue joined, on their oaths do say, ' We, the jury, find for
the plaintiff, and assess the damages at one thousand and sixty-two and $\frac{56}{100}$ dollars.' It is therefore considered by the court
that the said plaintiff recover of the defendant the sum of one
thousand and sixty-two and $\frac{56}{100}$ dollars, the said sum so by the
jury assessed, together with the costs in this behalf expended,
for which execution may issue." To this there was no objection. From this judgment the defendant in the court below
appeals to this court ; and he here assigns as his principal
error, " That the complaint shows no substantial cause of
action," in favor of the plaintiff below. There are other
assignments ; but it is not necessary to consider them in this
case, as they are mere repetitions of that above stated.

[Alabama Agricultural and Mechanical Association v. Trimble.]

This cause depends wholly upon the pleadings. The complaint is somewhat peculiar, and it may be technically inaccurate in failing to allege that the account on which the suit is founded is assets of the estate which the plaintiff represents. But it was not assailed by demurrer, and it must be construed in this court in connection with the verdict and judgment in the court below. So far as I am able to comprehend the case made by the record, it seems that the account, on which the suit is brought, was contracted with Kellam & Wilkerson, who formed a mercantile firm composed of James W. Kellam and Henry L. Wilkerson, both of whom had died; that the plaintiff in this suit was the administrator of the estate of said Wilkerson, deceased, and said plaintiff had possession of the assets of said firm, "and is, by agreement and understanding with the administrator of James W. Kellam's estate, winding up and settling the business of said firm." Although this may be a very defective manner to allege the facts on which the plaintiff bases his title, yet, when it is not assailed by demurrer, and the complaint does not show whether Wilkinson or Kellam died last, it will be held sufficient, as an allegation of title, in connection with the verdict. If Kellam died first, then the assets of the firm vested in Wilkerson, as the survivor, and he would be authorized to sue and recover on an account contracted with the firm. 3 Kent, 63 64; 1 Chitt. Pl. 91; 1 Wms. Ex'rs, pp. 715, 1585; *Calvert* v. *Marlow*, 18 Ala. 67. And after his death his representative succeeds to all his rights, among which would be the right to collect and apply the assets of the partnership to the payment of the debts and liabilities of the firm; and after the payment of the debts, the right to divide the residue between the representatives of the deceased partners. 1 Chitt. Pl. (10th Amer. ed.) 19; 8 Wheat. 669; Gow on Part. (3d ed.), 132; Coll. Part. § 666. In this view of the complaint, it "contains a substantial cause of action." The judgment must therefore be sustained, as the record shows no objection in the court below. Rev. Code, § 2811.

The judgment of the court below is therefore affirmed.