# Baldwin & Star v. Deming's Administrator.

*Bill in Equity by Creditors for Settlement of Administration of Deceased Partnership Debtors.*

1. *Jurisdiction of probate court to settle estates of deceased partners having common administrators.* — The fact that the insolvent estates of two deceased partners, who together composed the partnership, have a common administrator, does not render void the decrees of the probate court on the final settlement of his accounts, when no controversy appears to have arisen between the individual and the partnership creditors.

2. *Limitation of suit in chancery to correct errors in probate decree.* — A bill in chancery, filed by creditors, against the common administrator of the separate estates of two deceased partners, who together composed the partnership, to compel a settlement of the estates in his hands, is barred (Rev. Code, § 2274) by the lapse of two years from their final settlement as insolvent estates by the probate court.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 17th September, 1870, by the appellants, on behalf of themselves and all other creditors of the late firm of S. & E. Deming, against John W. Mallett, as the administrator of the respective estates of the said Simeon Deming and Ezra Deming, who together composed the said firm, and against the sureties on his official bonds as such administrator. Its object was to remove the administration of said estates from the probate court, and to compel a settlement of them in the chancery court. Both of said partners died in 1858, and letters of administration on their respective estates were granted by the probate court of said county, on the 29th December, 1858, to the said John W. Mallett. On the 22d July, 1867, both of said estates were declared insolvent by the

[Baldwin v. Deming's Administrator.]

said probate court, on the report of the administrator; and on the 23d August, 1867, the administrator made a final settlement of his accounts with the probate court, and was continued in office as the administrator of the insolvent estates. The complainants insisted in their bill that these decrees of the probate court were void, because made by the administrator with himself, without any adversary party in interest; and they charged the administrator with various acts of waste and maladministration. The defendants separately demurred to the bill, for want of equity, and because it showed on its face that more than two years had elapsed since the settlements were made in the probate court. The chancellor sustained the demurrer, and dismissed the bill; and his decree is now assigned as error.

HERBERT & BUELL, WATTS & TROY, and JUDGE & HOLTZCLAW, for the appellants, contended that the decrees of the probate court were void, because the administrator occupied antagonistic positions, and could not make a settlement with himself; and because that court had no jurisdiction to settle the partnership accounts. They cited *Hayes* v. *Cockrell*, 41 Ala. 75; *Carswell* v. *Spencer*, 44 Ala. 204; 1 Story's Equity, § 663; *Stewart* v. *Stewart*, 31 Ala. 207.

GAMBLE & POWELL, with ELMORE & GUNTER, *contra*. — The insolvency of both estates removed all objection to the jurisdiction of the probate court to settle the accounts of the administrator, as all the assets in his hands must be distributed among his creditors, who would be parties in their own right, and could protect their own interests; and there was no conflict between the individual and the partnership creditors. The bill could only be maintained to correct errors and mistakes in the probate decrees, and in that character it is barred by the lapse of two years from the rendition of those decrees. Rev. Code, § 2274; *Mock's Heirs* v. *Steele*, 34 Ala. 75; *Ansley's Heirs* v. *King*, 35 Ala. 278.

B. F. SAFFOLD, J. — The appellants, in behalf of themselves and all other creditors of the firm of S. & E. Deming, filed the bill for the settlement in the chancery court of the estates of the partners, both deceased. The appellee, Mallett, was administrator of each estate, and had made final settlement of them severally, as insolvent. His demurrer to the bill, on the ground of the lapse of more than two years between the date of the settlements and the filing of the bill, was sustained. The complainants insisted, that the jurisdiction of the probate court was not adequate for the settlement

of Mallett's administration of both estates, in the relation they stood to each other. Inasmuch as the probate court generally has jurisdiction of estates, the exceptional case only arises upon the occasion for the exercise of superior powers. The complainants duly filed their claims against the insolvent estates of the decedents, and no controversy seems to have arisen between the individual and partnership creditors. In *Carswell* v. *Spencer* (44 Ala. 204), the test of jurisdiction is stated to be, two parties, one for whom, and another against whom, the judgment may be rendered. It is not the possibility of difficulty in this respect which divests the jurisdiction of the probate court, but its actual occurrence.

The decree is affirmed.

