# Vincent v. Martin.

*Bill in Equity for Settlement of Partnership and Administration Accounts.*

1. *Equitable relief against probate decree, in matter of settlement of administrator's accounts.*—A bill which seeks equitable relief against a probate decree on final settlement of an administrator's accounts, on the ground of alleged errors of law and fact, must negative all fault or negligence on the part of the complainant.

2. *Jurisdiction of Probate Court, when administrator occupies antagonistic positions.*—When the surviving partner becomes, jointly with another person, administrator of the estate of his deceased partner, he can not make a settlement of the partnership accounts in the Probate Court, in connection with the settlement of the administration; that court having no jurisdiction of partnership matters, nor of a settlement made by the administrator with himself in such dual capacity.

3. *Settlement of partnership accounts by survivor.*—When the surviving partner, having become administrator of the estate of the deceased, makes a settlement of the partnership accounts with the widow, represented by an attorney who has been appointed guardian *ad litem* for the infant distributees ; such settlement is not binding on the estate, and is no bar to a bill in equity to compel a settlement.

4. *Continuation of partnership, under articles, after death of one partner.*—A stipulation in articles of partnership, that if either of the partners should die before the expiration of the stipulated period, " the surviving partner shall continue the business for the unexpired term," gives the survivor the power to employ all the partnership effects,

VOL. LXXIX.

[Vincent v. Martin.]

without material change in the business, for the residue of the term; but confers on him no authority to fasten any new debt or liability on the estate of the deceased partner.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by Mrs. Georgia A. Vincent, as administratrix *de bonis non* of the estate of her deceased husband, David T. Vincent, against Thomas J. Martin and John M. Kidd, the administrators in chief; and sought, principally, to compel a settlement by said Martin, as the surviving partner, of the partnership accounts of the late firm of T. J. Martin & Co., which was composed of him and said David T. Vincent; and also to correct alleged errors and mistakes in the final settlement of said administrators' accounts by the Probate Court, which was partly based on a prior voluntary settlement of the partnership accounts between said Martin and the complainant, before her appointment as administratrix *de bonis non*.

The partnership of T. J. Martin & Co. was formed in April, 1871, for the purpose of carrying on a mercantile business at Harpersville in said county, and was to continue for three years, as specified in the articles of agreement; but there was another stipulation, which is copied in the opinion of the court, providing for a continuation of the business by the survivor, on the death of either partner, for and during the unexpired portion of the term. Vincent died on or about the 1st October, 1871, intestate, and leaving a widow and two minor children; and letters of administration on his estate were granted, on the 8th November, 1871, to said Martin and Kidd, who gave bond, and entered on the duties of the administration. The bill alleged that Martin continued to carry on the partnership business as before, "until March 12th, 1872, when, without any cause, he pretended to dissolve the same, by taking an account of the stock on hand, carrying on the business afterwards in his own name, and appropriating the profits to his own use." On the 12th April, 1875, said Martin and Kidd made a partial settlement of their administration, with the Probate Court of said county, in which they charged themselves with assets received amounting to $2,351.49, and asked credits for moneys paid out amounting to $4,526.63, showing a balance of $2,176.20 in their favor; but, in this settlement, the bill alleged, "said administrators did not charge themselves with any part of said Vincent's interest in said partnership, and a large portion of the payments made by them on account of the individual indebtedness of said Vincent was made more than two years after his death." On the 3d November, 1875, said administrators resigned, and filed their accounts and vouchers for a final settlement; and the 13th December was

appointed for the settlement.   In anticipation of this settlement, the complainant employed an attorney, who had been appointed guardian *ad litem* for the infants on the final settlement of the administrators' accounts, to effect for her a settlement of the partnership accounts with said Martin; and this settlement was made, a copy of it being annexed to the bill as an exhibit; but, as copied into the transcript, it does not show what balance, if any, was struck between the parties.   On final settlement of the administrators' accounts, as shown by the decree, they were charged with assets received amounting to $4,620.67, and allowed credits amounting to $2,635.71, leaving a balance of $1,984.96 in their hands for distribution; and decrees were thereupon rendered in favor of Mrs. Vincent, who was represented by an attorney, and the two minor children, represented by guardian *ad litem*, for $661.65 each.

Letters of administration *de bonis non* on said Vincent's estate were granted to the complainant on the 25th December, 1875; and she filed this bill on the 20th July, 1877, specifying numerous errors, omissions and mistakes in each of said settlements, and praying relief as follows: " Oratrix prays that this hon. court will make a decretal order of reference to the register, directing him to take and state an account between oratrix and said T. J. Martin as the surviving partner of said firm, charging him with all such legal and proper items as were not included in said former settlement; and that an account be taken and stated between oratrix, as the administratrix *de bonis non* of said Vincent's estate, and said Martin and Kidd, former administrators thereof; that said Martin and Kidd be charged, in said account, with the balance due from said partnership to said Vincent's estate, and with all such other charges as may be shown to be necessary to render their said final settlement of their administration a correct one; that on final hearing a decree may be rendered correcting said final settlement of said Martin and Kidd, by requiring them, within a short time to be therein specified, to pay to oratrix the amount shown by said accounts to be due her as such administratrix;" and for other and further relief, under the general prayer.

A demurrer to the bill was filed by each of the defendants, assigning the following as grounds of demurrer: 1st, that the bill was multifarious, in seeking a settlement of the partnership accounts and also of the administration accounts; 2d, that Kidd had no interest in the settlement of the partnership accounts; 3d, that complainant was not entitled to relief against the settlement of the administration accounts, because she did not negative fault or negligence on her part in connection with that settlement, at which she was represented by counsel.   The demurrer was overruled by Chancellor GRAHAM; but, on final

[Vincent v. Martin.]

hearing, on pleadings and proof, Chancellor COBBS dismissed the bill, and his decree is here assigned as error.

JNO. T. HEFLIN, for the appellant.

COBB & WILSON, contra.

STONE, C. J.—So far as the present bill seeks to review the final decree of the Probate Court, for alleged errors of law and fact committed in the probate settlement, both the pleadings and proof fail to make a case for relief. If any errors were committed in the settlement, there is an entire failure to show they were "without any fault or neglect" of the distributees, as this court has uniformly interpreted those words. Code of 1876, § 3837; *Humphreys v. Burleson*, 72 Ala. 1; *Lynn v. Wann*, Ib. 43; *Stoudenmire v. DeBardelaben*, Ib. 300; *Cawthorn v. Jones*, 73 Ala. 82; *Massey v. Modawell*, Ib. 421; *Boswell v. Townsend*, 57 Ala. 308; *Bowden v. Perdue*, 59 Ala. 409; *Otis v. Dargan*, 53 Ala. 178.

Martin and Vincent, the intestate, were mercantile partners at the time the latter died. Martin, with another, became administrator of his estate. Vincent left a widow and two infant children, his distributees. The latter were without guardians, so far as we are informed. When Martin and his co-administrator, Kidd, filed their account-current for final settlement of the administration in the Probate Court, and when they assembled for the purpose of making the settlement, there had been no settlement of the partnership accounts. Martin, being surviving partner, and administrator of his deceased co-partner's estate, could not settle with himself; and the settlement of partnership accounts *inter se* being without the jurisdiction of the Probate Court, that preliminary step in the administration settlement could not be taken in that court. 1 Brick. Dig. 440, §§ 182, 183, 188; *Hays v. Cockrell*, 41 Ala. 75; *Carswell v. Spencer*, 44 Ala. 204; *Tankersly v. Pettis*, 61 Ala. 354; 5 Wait's Ac. & Def. 149. In *Foster v. Wilber*, 1 Paige, 537, 542, it was said by Chancellor WALWORTH, "It would seem that, in such a case, the Court of Chancery alone was competent to make a decree settling all these conflicticting righıs, so as to do justice between the parties." There was no attempt to settle the partnership account in the Probate Court, in this case.

Before the probate settlement was entered upon, some steps were taken with a view to settlement of the partnership account. Martin represented himself, and Mrs. Vincent was represented by counsel, and by a relative and friend, said to be a good accountant. Her counsel had also been appointed guardian *ad*

*litem* for the infant children, to represent them in the probate settlement. As such guardian *ad litem*, however, he had no authority to represent them in the settlement of the partnership dealings, and, being without guardians, they could not have an attorney. The form of a settlement of the partnership transactions seems to have been gone through with, and the testimony tends to show it was, at the time, satisfactory to the attorney, and to the friend of Mrs. Vincent. It was not, however, a binding settlement, because Martin could not settle with himself, and because no one was authorized to bind the estate of Vincent, nor to represent the interests of the infant distributees.

We will not say that, if another had been Vincent's administrator, Martin could not have settled with him, without invoking the powers of the Chancery Court. Nor need we decide what would have been the result, if the infant distributees had been represented by a legally appointed guardian of their estates. What we do decide is, that Martin, by reason of the dual relation in which he was placed, could make no binding or legal settlement with himself, and the partnership accounts must be regarded as unsettled.

It is contended by the appellant, that by the terms of the articles of partnership, the death of Mr. Vincent worked no dissolution, but that the firm continued for three years from its formation, April 1, 1871. The language of the article of partnership, on which this argument is rested, is as follows : " It is further agreed, that if either of the parties should die before the expiration of said time, the surviving partner shall continue the business for the unexpired term of three years."

It may admit of grave question, whether, in strict language, a partnership can be continued in identity after the death of one of its members. Parsons gives it as his opinion that it can not, and his reasons for this opinion are difficult to answer. Pars. on Partnership, \*438, \*439, \*452, and notes. Even if there be a provision authorizing such continuance, this necessarily works some change in the *personnel*, for a dead man can neither make nor enforce contracts. Hence, if the direction be that the personal representative, or some member of the family of the partner so dying, shall take his place and continue the business, this, it would seem, could scarcely be called a continuation of the old firm, but the formation of a new one, as its successor. And certainly the person designated or appointed to take the place of the partner dying, could not, without his consent, be compelled to accept the position, and assume its cares and responsibilities. Would not this constitute it rather a new firm, than a continuation of the old one? Consult, in

[Jones & Co. v. Brewer.]

this connection, *Knapp v. McBride*, 7 Ala. 19, 28, and authorities cited ; 5 Wait's Ac. & Def. 137, and references.

It is clear, however, that partners can make a valid and binding agreement, that in the event of the death of one or more .of the members of the firm, the business shall be continued by the survivor, employing for the purpose the united capital which had constituted the partnership effects. That is precisely what we think the contract of partnership in this case contemplated. The result of such agreement and direction is, that the survivor can fasten no new debt or liability on the estate of the deceased partner, not previously carried into the adventure as part of the stock. He can only use and employ the partnership effects, as they were in the firm when his co-partner died. Over these, however, his control is unlimited, so long as he acts in good faith, with proper diligence and discretion, and does not depart materially from the line of business in which the partnership had been engaged.—*Ex parte Richardson*, 3 Madd. Rep. 138; *Garland, Ex parte*, 10 Ves. 110; *Catbush v. Catbush*, 1 Beav. 184.

After the settlement of their administration by Martin and Kidd, Mrs. Vincent was appointed administratrix of Vincent's estate, and in due time filed this bill in. her representative character. We have seen that, as a bill to correct errors of law and fact in the administration settlement proper, it is without equity. It follows, that Kidd was improperly made a party to this suit. The bill should be so amended as to strike out his name ; and this should be at the costs of the complainant. As a bill to secure a settlement of the partnership accounts, including a continuation of the business for three years, commencing April 1, 1871, complainant is entitled to relief, and the chancellor will order an account to be taken on the principles declared above. Martin will receive a credit so far as he has accounted for partnership effects.

Reversed and remanded.