# Mattie J. Rice, Adm'x, *v.* Merchants & Planters National Bank of Montgomery.

### *Action of Assumpsit.*

1. *Legal title to firm assets on death of partner.*—The legal title to firm assets, on the death of one partner, vests in the survivor; where, therefore, the surviving partner deposited in a bank, and checked out, moneys in the firm name and in continuance of the firm's usual business, no action lies for such moneys in favor of the deceased's administrator against the bank, though the bank knew of the death, and notwithstanding the surviving partner owned none of the capital stock and was only a nominal partner, unless the bank were charged with notice of those facts.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

MOORE & FINLEY and A. A. WILEY, for the appellant.

BRICKELL, SEMPLE & GUNTER, for the appellee.

COLEMAN, J.—The plaintiff as administratrix of D. S. Rice sued the defendant in assumpsit for money had and received to plaintiff's use. After the evidence was closed, each party requested the court for the affirmative charge. The court charged as requested for the defendant, and refused the charge for the plaintiff. The action of the court in these respects is assigned as error. The undisputed evidence shows that at the time of the death of D. S. Rice (plaintiff's intestate), he and A. Wilson were engaged in mercantile business as partners under the firm name of Rice & Wilson, that as such firm they did business and kept a regular bank account with the defendant. That after the death of D. S. Rice, the surviving partner, A. Wilson, continued the business in the name of the old firm for about seven months and then sold the entire stock of goods then on hand; that he collected the debts due the late firm of Rice & Wilson and as collected the money was deposited in the bank as before, to the account of Rice & Wilson, and the deposits debited in the bank book of Rice & Wilson and by Wilson checked out in the firm name. The evidence tends

to show that the bank knew that Rice was dead. The suit was brought by the administratrix of the deceased partner to recover the money from the bank which had been thus deposited and checked out. There was evidence to show that Rice, the deceased partner, in fact owned the entire capital of the partnership, and that Wilson received a monthly salary and was in fact but a nominal partner. There was no evidence to show that the defendant, the Bank, had any knowledge of the terms of the partnership, or of the relative rights of the partners as between themselves.

These facts show that plaintiff can not maintain the action. Upon the death of one partner the legal title to the partnership assets vest in the survivor.—*Houston v. Stanton,* 11 Ala. 412; Parson on Partnership, § 441; 17 Amer. & Eng. Encyc. of Law, p. 1162.

In *Calvert v. Marlow,* 18 Ala. 67, it was held, that the surviving partner could maintain an action against the administrator of a deceased partner for any assets or choses in action, which belonged to the firm, held by such administrator. As between the administratrix and the surviving partner, the assets belonged to the administratrix, but as to all parties who had dealt or might deal with the partnership as such, and especially where there was no knowledge of the terms of the partnership, the surviving partner held the legal title, and was entitled to the assets. The facts of this case call for the application of different principles from those applied in the case of *M. & P. Bank v. Rice & Wilson,* 89 Ala. 201. The evidence is clear that as to the $2,000.00 plaintiff has no claim against these respondents. There was no express promise to pay and none raised by implication of law on the part of the defendant. In fact plaintiff has shown no cause of action against the defendants.

Affirmed.