# Bass & Heard *v.* Clements, *et al.*

## *Assumpsit.*

(Decided November 26, 1912.  60 South. 443.)

1. *Appeal and Error; Review; Questions of Fact.*—Where the evidence is conflicting, the finding of the fact by the trial court will not be reviewed on appeal if there is evidence sufficient to support the judgment.

2. *Partnership; Sharing Profits; Interest.*—Whether or not under the facts in this case the defendant became a partner in the business, or whether the transaction was merely a loan depends upon the intention of the parties at the time the money was furnished.

[Bass & Heard v. Clements, et al.]

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by Bass & Heard against Peter Clements, individually, and as a member of the partnership of George T. Mote. Judgment for defendant and plaintiff appeals. Affirmed.

GEORGE W. DARDEN, for appellant. There was error in the judgment rendered finding the issue in favor of the defendant.—*Bank v. Rice*, 89 Ala. 201; 14 Ala. 303.

T. B. RUSSELL, and J. B. SLOAN, for appellee. The evidence does not disclose the existence of a partnership, but rather a loan from defendant to Mote.—53 Ala. 205; Mayf. 387. There was no such holding out of Clements as a partner as would be binding.—30 Cyc. 372.

PELHAM, J.—This case was tried by the court without a jury. A finding on the evidence adduced upon the trial was made by the court in favor of the defendant, and judgment was accordingly entered. The defendant Peter Clements was sued individually as doing business under the firm name of Geo. T. Mote, and jointly with Geo. T. Mote as partners doing business under the firm name of Geo. T. Mote. The defendant Mote was not served, and on motion of the plaintiff he was struck as a party defendant, and issues were joined between the plaintiffs and the defendant Clements and a final judgment entered in favor of the defendant Clements.

The principal contention on the trial centered around the question of fact pro and con as to whether or not Clements was a partner of Mote in a small retail store conducted by Mote at Oneonta, in Blount county, Ala. for a bill of goods sold by the plaintiffs, who were whole-

sale merchants, to Mote, in the due course of business. The evidence with respect to a partnership between Clements and Mote was in conflict, and the court's finding on the evidence on this question has the same weight as the verdict of a jury, and this court cannot pass upon the credibility of the witnesses or the weight of the evidence, if sufficient to support the judgment.— *Winter-Loeb Grocery Co., v. Mutual Warehouse Co.,* 4 Ala. App. 431, 58 South. 807, and cases there cited.

While the evidence without conflict showed that there was an agreement between these parties that the party furnishing the money (the defendant Clements) should receive, in lieu of interest on the money furnished by him, one-half of the profits of the business, this of itself would not be conclusive proof of an agreement of partnership between the parties.—30 Cyc. Partnership, pp. 369, C, 372 (6), 373, and authorities cited in note 18 on that page. The question is whether there is a partnership business carried on as shown by the intention of the parties, and as disclosed by the whole transaction, or whether the transaction is one of loan between debtor and creditor; the interest on the loan to be paid by an amount equal to a certain share of the profits.— *Thillman v. Benton,* 82 Md. 64, 33 Atl. 485; *Ex parte Delhassee,* 7 Ch. D. 511, 38 L. T. Reps. (N. S.) 106. The determination of this question is to be gathered from the evidence, and the tendency of some of the evidence was to the effect that the defendant Clements had advancd the money to Mote upon which to carry on the business as a loan, to be paid back within four years, and that Clements was not to be a partner nor liable for anything in connection with the operation of the business, but only to have half of the profits of the business as interest for the use of the money loaned by him to Mote. There was also other evidence affording infer-

ences that an agreement of partnership did not exist between the parties, and the defendant Clements as a witness in his own behalf denied any partnership agreement as existing between himself and Mote. The weight and credibility of all this evidence was for the court that sat in the trial of the case without a jury, and its findings on the weight and credibility of this evidence we cannot disturb, under the well-known rule applicable to such a condition.

The appellants contend that on the authority of the opinion in the case of *Merchants' & Planters' National Bank v. Rice & Wilson,* 89 Ala. 201, 7 South. 647, the appellee Clements is individually liable in this action because he is shown by the evidence without conflict to have furnished the money constituting the capital on which Mote carried on the business. What is said in this case last above cited, to the effect that, the capital having been furnished by one of the parties to the partnership, the property of the partnership belonged to that party, and the other party had no property interest in it, had reference to the relative property rights of the parties to the partnership as between themselves, construing their contractual rights and the interests of the partners arising out of such relations, and had no bearing on the rights of third parties. In the instant case the plaintiffs, as creditors of the business conducted by Mote, seek to recover against the defendant Clements individually when the only rational conclusion to be drawn from the evidence as a whole is that the business was conducted exclusively by Mote in his own name, that Clements was not in fact a partner in the business, and did not hold himself out as such and was not held out by Mote as being a partner; that the goods were sold by the plaintiffs to Mote on his responsibility alone; and that they did not know Clements in the trans-

[Smith v. Wilson Mercantile Company.]

action and had not in fact ever heard of him at the time of negotiating the sale with Mote. The trial court, hearing the evidence without the intervention of a jury, found that the money furnished by Clements to Mote was a loan, making the relationship existing between these parties that of creditor and debtor and not partners. There is nothing going to show individual liability as against the defendant Clements in favor of the plaintiffs in this action, and no privity of parties or contract, direct or that can be implied, that would authorize the plaintiffs to recover in this action of debt in a suit at law against the defendant Clements individually.

We find no error in the rulings on the evidence authorizing a reversal of the case, and the judgment of the court below will be affirmed.

Affirmed.