# Nunn *et al. v.* Norris, Adm'r, *et al.*

*Bill in Equity to enforce Vendor's Lien, &c.*

*Vendor's lien on land; what debars enforcement of.*—If an administrator having sold lands under order of the probate court, accepts in part payment a debt due from himself to the purchaser, the distributees may elect to treat it as a payment, and hold the administrator liable, or disregard it entirely and hold the purchaser liable for the amount, and enforce a vendor's lien on the land also: yet, if, with full knowledge of the facts, they elect to charge the administrator with the amount in his accounts, they can not afterwards revoke that election, and proceed in equity against the purchaser of the land.

APPEAL from Dallas Chancery Court.
Heard before Hon. CHARLES TURNER.

The appellees, Sarah Norris and others, heirs at law and distributees of James Moss, deceased, filed this bill against Lamar, administrator of Moss, and Nunn and others, seeking, among other things, to enforce a vendor's lien on certain lands which the administrator had sold and conveyed to Nunn.

The case was as follows: Lamar obtained an order of the probate court to sell the lands for one third ·cash, and the balance to be paid in one and two years, for the purpose of effecting a division. He advertised and sold the lands, reporting to the court that he had sold for cash, the whole amount of which had been paid. The court confirmed the sale, and ordered the execution of a conveyance to the purchaser, which was accordingly made and delivered, and Nunn was put in possession of the lands. The fact was that the purchase money had all been paid in cash except a thousand dollars, in payment of which Lamar accepted his own note,

VOL. LVIII.

[Nunn et al. v. Norris, Adm'r, et al.]

which Nunn held.   The bill alleged that these facts were unknown to the complainants when the report of sale was confirmed, and  also alleged that on an annual settlement after this, Lamar charged himself with the full amount of the purchase money, and that this sum entered into the amount with which he was charged on his final settlement, and that on this settlement decrees were rendered against Lamar in favor of the several distributees for their respective shares of the amount found due by him.   This final settlement took place more than a year after the confirmation of the sale by the probate court, and the bill states that complainants were then ignorant of the facts upon which they now rely for relief; but the proof shows the contrary.   All the debts of the estate have been  paid, and the administrator is insolvent.   It is charged in the bill that Lamar's sureties were also insolvent.   The names of these sureties are not stated in the bill.   The depositions show that certain named persons are insolvent, some of whom are mentioned as his sureties, but it is not shown, except inferentially, how many sureties he had, or whether the persons proved to be insolvent were all of his sureties.   The cause was submitted on bill, answer, and testimony, a demurrer to the bill having been overruled; and the Chancellor ordered a reference to the Register, who reported that all of the purchase money had not been paid, and found that $1,262 was still due thereon.   The chancellor confirmed this report, and decreed a sale of the land for its payment.

The overruling of the demurrer and the final decree rendered, are now assigned for error.

REID & MAY, with whom were MORGAN, LAPSLEY & NELSON, for appellants.—There is no equity in the bill.   The complainants having elected to charge Lamar with the purchase money of the land, can not, now that the election has proved unfortunate, call on Nunn to pay for the land again.— *Weir v. Davis & Humphries*, 4 Ala. 440.

P. G. WOOD, *contra.*—When Lamar accepted his own debt in payment of a part of the purchase money, he committed a *devastavit*.  Nunn participated in it.   The law charged him with notice that the administrator could not thus dispose of a debt due the estate.   Here, then, is the case of a purchaser knowingly participating in a *devastavit*, getting thereby lands of an estate without paying for them.   This gives the heirs and distributees (there being no debts) the right to compel him to make payment, and equity will enforce in their favor a vendor's lien to the extent of the unpaid purchase money.

BRICKELL, C. J.—We may concede that Lamar's acceptance of his own debt, in part payment of the purchase money of the lands, was unauthorized; and that it rested in the election of the appellees, either to treat it as a payment, and hold him liable for it, or, to disregard it, and hold Nunn liable for an amount of the purchase money, equal to the debt. It may be conceded further, that if they elected to disregard it as a payment, the appellees would have had a lien on the lands for an amount of the purchase money equal to it, which a court of equity would have enforced. The appellees were thus clothed with inconsistent rights, and were bound to elect which they would exercise. Lamar, as administrator, could be charged only on the ground that the acceptance of his own debt, was a payment of the purchase money. It would result from charging him, that there would be no right of recovery against Nunn; for that right depends on the ground, that the purchase money has not been paid. It does not appear to have been controverted by evidence, (though, the bill avers the contrary) that on the final settlement of Lamar's administration in the court of probate, the appellees, with full knowledge of the facts, caused, or suffered him, to be charged with the entire purchase money of the lands, thus increasing the amount of the decrees they obtained against him. Having thus elected to treat the purchase money as paid, and obtained decrees against Lamar for it, they cannot now assert it is unpaid, and proceed against Nunn for its recovery. They have elected the right they would exercise, and must abide the election.—*Butler v. O'Brien*, 5 Ala. 316; *Pickens v. Yarborough*, 30 Ala. 408; *Williamson v. Ross*, 33 Ala. 509.

The decree of the chancellor must be reversed, and a decree is here rendered dismissing the bill, at the costs of the appellees in this court, and in the Court of Chancery.