[Ex parte Lyon.]

# *Ex parte* Lyon.

### *Application for Prohibition to Chancery Court.*

1. *Appointment of special administrator ad litem.*—When it is necessary that the estate of a deceased person shall be represented in any proceeding pending in the Probate or Chancery Court, the court is authorized by statute (Code of 1876, § 2625) to appoint a special administrator *ad litem*, either when the estate has no personal representative, or when its acting representative has a personal interest adverse to the estate ; but, when there is an acting administrator in chief, who is a party to the suit in his representative character, the court cannot appoint an administrator *ad litem*, and render a decree in his favor, against the administrator in chief in his representative character.

2. *When appeal lies from chancery decree.*—A decree in a chancery cause, in favor of a special administrator *ad litem*, against the administrator in chief, each in his representative capacity, is a decree in favor of the estate, against the estate : is a nullity, there being no adverse interests or parties, and no appeal lies from it.

3. *When prohibition lies.*—A prohibition will be awarded by this court, to vacate and prevent the enforcement of a final decree in chancery which is a nullity, and from which, on account of the entire absence of adverse parties and interests, no appeal will lie.

4. *Same ; when peremptory.*—On application to this court for a prohibition, the officer against whom it is asked being duly notified, and the whole cause being fully presented and argued on both sides, a peremptory writ will be awarded in the first instance, without a rule *nisi*.

5. *Costs.*—The costs of the application in this case were adjudged against the plaintiff in the decree ordered to be vacated, who was a special administrator, and who was left to pursue whatever remedy he might have against the estate in another proceeding.

APPLICATION by petition by Francis S. Lyon, as administrator of the estate of Edwin A. Glover, deceased, for a writ of prohibition from this court to the Chancery Court of Marengo, to vacate and annul a decree rendered by that court at its June term, 1877, Hon. A. W. DILLARD presiding as chancellor, in a certain cause then pending in said court, wherein Thomas J. Foster, as special administrator of the estate of said Edwin A. Glover, was complainant, and said F. S. Lyon and others were defendants. The petition alleged these facts: 1. That Thomas J. Foster was appointed by the Probate Court of Marengo, on the 19th October, 1875, special administrator of the estate of said E. A. Glover, deceased; and on the 26th October, 1875, as such special administrator, he filed a bill in the Chancery Court of Marengo, against the Briarfield Iron Works Company, F. S. Lyon individually, B. W. Whitfield and others; a copy of which bill, with all the proceedings had thereon, was made an exhibit to the petition. 2. That on the 2d November, 1875, general letters of administration on the estate of said Glover, with the will annexed, were granted to the petitioner, F. S. Lyon, by said Probate Court of Marengo; and on appeal to this court, from that decree, by one Pearson J. Glover, the decree of the Probate Court was affirmed, on the 30th March, 1876, after striking out the word "forthwith" as used in said decree; and the petitioner thereupon entered on the duties of the office of administrator with the will annexed, and continued to discharge them up to the filing of his petition in this case. 3. That he refused to be made a complainant in said pending chancery suit in his representative character, "or to further prosecute said suit, or in any way to countenance the same in his representative capacity, being satisfied that it was not really instituted in the interest of said estate; and he never became a party to said suit as such administrator." 4. That on the 6th April, 1877, the chancellor rendered a decree in said cause, reciting therein that said cause had been submitted at the November term, 1876, by said Foster as special administrator, and petitioner as administrator in chief, for a decree in vacation on the single question of costs; decreeing that said Foster was entitled to costs, and a reasonable solicitor's fee, and the receiver in the cause was also entitled to his expenses and reasonable compensation, to be paid out of the assets of said Glover's estate in the hands of petitioner as such administrator; and appointing H. A. Woolf as special master to ascertain and report as to such costs and expenses. But the petitioner alleged that he "never at any time submitted said cause to the court, on the question whether the costs of the suit should be

decreed to be paid by him in his representative capacity, but at all times protested that he was not a party to the suit as such administrator, and that no decree could be rendered against him." 5. That the special register executed the order of reference in the cause, the petitioner declining to appear before him, and made his report to the chancellor on the 18th June, 1877; and the chancellor thereupon rendered the following decree:

"In this cause, the report of the special register, H. A. Woolf, having been filed and received; and it appearing that said report is made in conformity to the former orders and directions of this court, and has laid over one entire day after being read; and there being no exceptions filed thereto; and it further appearing that said F. S. Lyon, administrator in chief of said Edwin A. Glover, had due notice of the time and place of executing said reference; it is now ordered, decreed, and adjudged by the court, that said report be in all things confirmed and recorded. It is ordered, decreed, and adjudged by the court, that the estate of Edwin Glover, deceased, in the hands of F. S. Lyon, administrator as aforesaid, whether the same be real, personal, or mixed, is justly liable for the payment of the several sums reported by said special register to be due, and that said sums so reported be, and they are hereby, declared to constitute a lien upon the assets of said Glover's estate, now in the hands of his personal representative, F. S. Lyon. It is ordered, decreed, and adjudged by the court, that T. J. Foster, register, recover of F. S. Lyon, administrator of Edwin Glover, deceased, the sum of $1,115.65, for the officers and persons named in the report of said special register, in the amounts reported to be due them respectively; and that the receipt of said Foster shall operate as a full discharge of said sums to the said administrator of Edwin Glover. It is decreed, also, and adjudged by the court, that execution may issue for said sum of $1,115.65, together with $30, fee allowed to said special register, for his services in stating said account; and that said execution shall run in the name of T. J. Foster, register, to the use of the persons named in the report of said special register. It is further ordered by the court, that there being no question in the cause save that of the costs of suit, and no costs being taxed against the other defendants to the bill, it is considered by the court that said bill be dismissed, as to all the defendants except F. S. Lyon as administrator of Edwin Glover, deceased."

The petition further alleged that an execution was issued on this decree, which was returned "No property found;" and that all the persons named therein, except the special

register, asserted the validity of the decree, and sought to enforce payment of the several sums awarded to them respectively. The petitioner insisted that the said decree was void, and prayed a writ of prohibition to prevent any further proceedings to enforce it. The above are all the facts stated in the petition; but the accompanying transcript, which was made an exhibit to the petition, shows that, on a motion for the appointment of a receiver in the cause by the original complainant, and a counter motion by Lyon as administrator to dismiss the bill, the chancellor rendered a decree on the 15th November, 1875, holding that it was a proper case for the appointment of an administrator *ad litem* undr the statute (Code of 1876, § 2625), and appointing said Foster as such administrator; and he accepted the appointment in writing.

W. E. & R. H. CLARKE, for the petitioner.

BRAGG & THORINGTON, *contra.*

STONE, J.—It is declared in the Code of 1876 (§ 2625), that "In all proceedings in the Probate and Chancery Courts, . . . where the estate of a deceased person must be represented, and there is no executor nor administrator of such estate, or the executor or administrator thereof is interested adversely thereto, it shall be the duty of the judge of the court in which such proceeding is had to appoint an administrator *ad litem* of such estate, for the particular proceeding, and without requiring a bond of him." Section 2626 : "Whenever, in such proceedings, the estate represented by such administrator *ad litem* shall be entitled to a decree for the recovery of money, or for the possession of real or personal property, such decree shall be rendered in favor of such administrator *ad litem,* for the use of such estate ; and when such decree is for the recovery of money, and such estate has no executor nor administrator, execution shall issue on such decree in favor of such administrator *ad litem,* for the use of such estate, and the amount thereof shall be paid, by the officer collecting it, to the judge of the Probate Court, or the register of the Chancery Court, or the officer acting as such, out of which such execution issued."

The administrator *ad litem,* in the present case, was appointed after Mr. Lyon had been appointed administrator in chief of the estate of Edwin A. Glover. Hence, this is not a case where "there is no executor nor administrator of such estate." If it can be maintained at all, then, it must rest on the ground, that this record presents a case where " the ad-

ministrator thereof is interested adversely thereto ;" that is, where the personal interest of the appointed administrator in chief is adverse, or antagonistic, to the interest of the estate involved in the litigation. Such appointment of an administrator *ad litem* is made, and can only be made, in the interest of the estate—as the representative of the estate—against an adversary personal interest in the rightful administrator. Hence, it is declared that, when there is a recovery, the " decree shall be rendered in favor of such administrator *ad litem*, for the use of such estate ;" and whatever recovery may be had, in such case, will be assets of the estate. It would be an anomaly in judicial proceedings, for an administrator *ad litem* to recover of the administrator in chief assets of the estate of which each of them was the personal representative, suing and being sued in their representative capacity, when any recovery that may be had will be for the use of the estate. Foster, as administrator *ad litem* of Glover, suing Lyon as administrator in chief of Glover, furnishes no antagonistic interests which can be the subject of a suit. Glover's estate can not sue Glover's estate. To a suit by an administrator *ad litem*, the rightful administrator of the same estate may be a defendant in his individual capacity. He cannot be in his representative capacity.

In the present record there is a final money decree, in favor of Foster, as administrator *ad litem* of Edwin A. Glover's estate, against Lyon, as administrator in chief of the same estate, to be paid out of the assets of said Glover's estate in said Lyon's hands ; and execution is ordered to issue for its collection. The present application is for a prohibition, to arrest the proceedings, and to prevent the enforcement of said decree.

In *Ex parte Greene and Graham*, 29 Ala. 52,. we said, the power to issue the writ of prohibition should never be exercised, except in cases " where the relator has no other adequate remedy."—See, also, *Ex parte Smith*, 23 Ala. 94; *Ex parte Walker*, 25 Ala. 81. In High on Extraordinary Legal Remedies, § 770, is the following language : " Like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always a sufficient reason for withholding the writ, that the party aggrieved has another and complete remedy at law."

We do not think Mr. Lyon, as administrator of Glover,

was rightly made a party defendant to this suit. He is not, in the pleadings, made a party in that capacity. It requires more formal proceedings than a recital in the chancellor's decree, of the only words found in this record bearing on that question, to bring a stranger into the suit, and uphold a decree against him. The recital is: "This cause being submitted at the —— term, ——, by T. J. Foster, special administrator of Edwin Glover, and F. S. Lyon, administrator in chief of said Glover, for decree in vacation." Still, there is a decree against Mr. Lyon, as the administrator of Edwin A. Glover's estate, condemning the assets in his hands to the payment of an ascertained sum of money, rendered in favor of Mr. Foster, and ordering an execution to be issued for its enforcement. This has all the attributes of a final decree, from which, under ordinary circumstances, an appeal would lie to this court.—Code of 1876, §§ 3916, 3927. Will it lie in this case, and what would be the result, if the case should be brought here by appeal? We have shown, above, that Mr. Lyon was not properly made a party as administrator of Glover, and, consequently, there was error in decreeing against the assets of Glover's estate in his hands. But the decree is in favor of Mr. Foster, as administrator of the same estate. An appeal by Mr. Lyon, and assignments of error, would necessarily be in his representative capacity, against Mr. Foster, in his representative capacity; an appeal by Glover's estate, to obtain the reversal of a decree in favor of Glover's estate. This, as we said *supra*, presents no antagonistic interests—no adversary parties—and can not be the subject-matter of a suit. On such appeal, whether we affirmed or reversed the decree, we would necessarily decide in favor of the estate of Glover, against the estate of Glover. The usual and ordinary forms of legal remedies can not reach the errors shown in this record. This, then, presents a clear case for a writ of prohibition, and it must issue accordingly.

In the present case, the chancellor and Mr. Foster have had reasonable notice of the time and place of making this application; the whole record is before us, and the merits of the application have been fully argued. We, therefore, consider it unnecessary to award a rule *nisi*, before awarding an absolute writ.—See *Moore v. Randolph*, 52 Ala. 530.

It is therefore ordered, that a writ of prohibition issue to the Hon. A. W. DILLARD, chancellor of the Western Division of the State of Alabama, prohibiting him, and all the officers of said court, from collecting, or proceeding to collect, the amount of said decree, or any part thereof; and commanding and enjoining him to revoke and annul, or to cause to be

revoked and annulled, the said decree against F. S. Lyon, as administrator of said estate of Edwin A. Glover, and against the assets of Glover's estate in Lyon's hands. Let the costs of this proceeding be adjudged against Thomas J. Foster.

The final decree in this cause, in the court below, dismissed the bill against all the defendants, except Lyon, as administrator of E. A. Glover. We have seen above that Lyon, as such administrator, has never been rightfully made a party defendant to this suit; and by our order above, we have declared that he has never been made a party in that capacity, and that he cannot be so made. This leaves the present case with only one party of record, T. J. Foster. It is impossible, in this suit, to make or execute a valid decree, that the costs and expenses of this chancery suit shall be paid out of the assets of Glover's estate. If there is any remedy for fastening such charge on the estate, it must be in another proceeding, and probably before another tribunal.