# Alexander *v.* Alexander.

*Bill in Equity by Legatees and Distributees, for Account and Settlement by Executor and Administrator.*

1. *Settlement of accounts of executor or administrator occupying antagonistic relations.*—When an executor or administrator becomes also the personal representative of a deceased distributee of the estate, he can not, on account of these antagonistic relations, make a valid settlement of his accounts in the Probate Court; and such attempted settlement being void, although an administrator *ad litem* was appointed to represent the distributee's estate (Rev. Code, § 1998), the parties interested in that estate may afterwards maintain a bill in equity to compel a settlement of the executor's accounts.

2. *When distributees may sue, without administration.*—When all the debts against a decedent's estate have been paid, and no other act of administration is necessary than the making of final settlement and distribution, the distributees may, without the appointment and intervention of an administrator *de bonis non*, maintain a bill in equity to compel a settlement and distribution of an estate in which their ancestor was a distributee.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 16th November, 1880, by Joseph L. Alexander and others, as distributees of the estate of Dewitt C. Alexander, deceased, and legatees under his will, against John D. Alexander, as executor of the last will and testament of Joseph M. Alexander, deceased, and also as administrator *de bonis non* of said estate by subsequent appointment, and against the other persons interested as distributees in the estate of said Joseph M. Alexander; and sought to compel a settlement of the accounts of said John D. Alexander, both as executor and as administrator *de bonis non*, and to remove the settlement of the estate into equity. It appears from the allegations of the bill, with the accompanying exhibits, that said Joseph M. Alexander died in Marengo county, where he resided, in March, 1865, having executed his last will and testament, which was duly admitted to probate in that county on the 24th April, 1865; and on the same day letters testamentary thereon were duly granted to John D. and Dewitt C. Alexander, two of the persons named as executors, who were sons of the testator, and, by the terms of the will, they were relieved from giving bond. The parties interested under the will of said testator were his two sons, who qualified as executors, and the children of a deceased daughter; and there were also some

[Alexander v. Alexander.]

special legacies, which require no notice. Dewitt C. Alexander took no active part in the administration of the estate, but confided the entire management and control to his brother and co-executor; and he died on the 31st October, 1865, leaving a widow and several children, as the parties interested in his estate. By the last will and testament of said Dewitt C. Alexander, said John D. Alexander, his brother, was appointed his executor; and his will was duly admitted to probate on the 22d January, 1866, and letters testamentary were granted to the said John D. Alexander on the same day.

John D. Alexander continued to act as the personal representative of both estates, by virtue of his appointments as executor, and made several partial settlements as executor of his father's estate; and on the 17th May, 1869, he filed his accounts and vouchers for a final settlement of his accounts as such executor, and the court appointed the 14th June, 1869, as the day for the settlement, and appointed a guardian *ad litem* to represent the interests of an infant legatee and distributee, and a special administrator *ad litem* to represent the estate of said Dewitt C. Alexander; and on that day rendered a decree, a copy of which was made an exhibit to the bill, as follows:

"This day came on to be heard the account of John D. Alexander, as the executor of the last will of Joseph M. Alexander, deceased, for a final settlement of his administration of the said estate under the will; and thereupon comes the said executor, and also Thomas J. Foster, acting as guardian *ad litem* for Joseph D. Smith, a minor legatee under the said will, and as special administrator for the estate of Dewitt C. Alexander, and Albert A. Smith, a legatee under the said will, in his own proper person. And it appears to the court that, on the 17th day of May, 1869, the said executor filed in this court his said account and vouchers, with the names of the heirs of the said decedent and legatees under his will, and places of residence, with a statement of those married and under age; and that this day was appointed for hearing the same, and that notice thereof has been given, for three successive weeks, in the *Southern Republican;* and it further appears that said Thomas J. Foster is the legal and duly appointed guardian *ad litem* for the said county; and that he was duly appointed said special administrator, and accepted; and that he is present, representing the interests of said Joseph, and the interests of the estate of D. C., on the settlement; and that the *Southern Republican* is a newspaper published in this county, and the legal one for the publication of said notice; and that the said Joseph M. died, leaving him surviving, as his only heirs at law, the said John D. and Dewitt C. Alexander, who were his sons, and the said Joseph D., who is a minor under twenty-one years of age, and

[Alexander v. Alexander.]

Albert A. Smith, and Susan R. Anderson, who intermarried in 1856 with William L. Anderson; that they are grand-children of the said decedent; and that the said D. C. is dead, and the said John D. is his sole acting executor; that all the surviving legatees live in the said county; that the said Joseph M. executed a will, disposing of his entire estate subject to distribution; and that the said will was duly admitted to probate in this court; and that the said John D. is the sole acting executor thereof: Thereupon, the court proceeded to audit and examine the said account; and it appearing to the satisfaction of the court that the said executor has fully accounted for all the assets of said estate which have come into his hands, and his liabilities thereto for which he is in any wise liable,—it is now considered and determined by the court, that the said account for a final settlement be stated thus: that the said executor of the will of said Joseph M. shall be charged with the sum of $12,419.94, and is allowed a credit against said sum of $8,970.-97; that there remains against him, in favor of said estate, the sum of $3,448.97, in legal-tender notes of the United States. It further appears that, of the said sum of $12,419.94, so charged, $10,870.12 is the balance ascertained by this court to be against the said executor on a settlement made on the 22d August, 1867, but that, of this sum, it is now ascertained by the court that the said executor never received the sum of $4,292.-91, and is not properly chargeable therewith; and that the said balance of $12,419.94 is now credited by the said sum of $4,-292.91; and that the error committed in the said settlement is now corrected by the allowance of a credit to said executor of the said sum of $4,292.91, leaving the said balance of $3,448.97 as the full balance due to said estate from said executor. It further appears that the said Albert A. and Joseph D. Smith are entitled, under the said will, to a legacy of eight thousand dollars in cash; and that the said Albert has attained the age of twenty-one years; and that the said executor has paid out of said legacy, for his maintenance and education, and to him, at sundry times, since he attained the age of twenty-one years, the sum of $1,499.26, which is a proper credit against his share of the said legacy; and that he has paid out, for the maintenance and education of the said Joseph D., out of his interest in said legacy, the sum of $2,049.35, which is a proper credit against his share of said legacy; and that the said payments have been made at sundry times since June, 1865; and that the said sums ($1,499.26 and $2,049.35) are included in said sum of $8,970.97; it is therefore ordered, adjudged, and decreed by the court, that the said account, as thus stated, be allowed by the court as a final settlement of the administration of the estate of the said Joseph M., under the will, by the

[Alexander v. Alexander.]

said John D., and that it be recorded as such.   It is further ordered, and adjudged, and decreed, that the said payments to and for the said Albert be credited against his share of the said legacy, and as payments thereon ; and that the said payments for the said Joseph D. be credited against his share of the said legacy, and as payments thereon.   It further appears that the said executor has filed in this court a list of the assets and property of the said estate, and belonging thereto, as a part of his said account ; and that said estate is not fully administered —that there are assets belonging thereto not collected, and lands not sold ; and that there are legacies not yet fully paid ; and that said estate can not be now fully closed and administered.   It further appears that there has been no other administrator of the said estate appointed, and that there is no other executor of the said will now living ; and that the said John D., as executor of the will of the said Joseph M., has this day filed in this court his written resignation of the said office of executor of the said will, and the same has been by the court received, filed, and recorded, and the said executor is hereby discharged from the said office.   It is therefore ordered, adjudged, and decreed, that the said executor has thus fully closed up his said administration ; that he deliver the said assets, and pay over the said balance of $3,448.97, remaining in his hands as aforesaid, to his successor in the administration of said estate, when duly qualified ; and upon the said payment, and the delivery of the said assets, the said executor, the said John D., is discharged from any other and further accounting as executor of the estate of the said Joseph M."

On the same day (June 14th, 1869), said John D. Alexander filed his resignation as executor of the last will and testament of Dewitt C. Alexander, and made a final settlement of his accounts as such executor ; but the decree rendered on that settlement was not made an exhibit to the bill, and it is not material in this case.   The bill alleged that, notwithstanding his said resignations and settlements, John D. Alexander continued in possession of the assets and property of both of said estates until, on the 16th August, 1869, on his own petition, he was appointed administrator *de bonis non* of each of said estates, and qualified in that capacity, and continued to act as such administrator until the 1st May, 1872, when he filed his accounts and vouchers for a final settlement of the estate of said Joseph M. ; and on the 8th July, 1872, a decree of final settlement was rendered by said Probate Court, a copy of which was made an exhibit to the bill, in the following words :

"This day came on to be heard the account of John D. Alexander, administrator *de bonis non* with the will annexed of Joseph M. Alexander, deceased ; and thereupon came the said

John D. Alexander, and moved the court to audit and allow his account as filed; and came also S. H. Bartlett, who was heretofore, to-wit, on the—day of——, 1872, appointed administrator *ad litem* of the estate of D. C. Alexander, deceased, to represent and protect the interests of said estate on this settlement (the said John D. being also the administrator of the estate of the said D. C. Alexander, as well as of the estate of the said Joseph M. Alexander), and accepted said appointment, and consented to act, and acted as such on this settlement." The decree then recites the filing of the accounts, the appointment of a day for the settlement, the publication of notice, &c., and then proceeds: "Thereupon, it appears to the court that said John D. Alexander, as administrator as aforesaid, is justly chargeable with the sum of $3,437.25, and has expended, in paying the debts and charges against said estate, and the costs and expenses of administration, the sum of $1,191.63, for which he is justly entitled to a credit; leaving in his hands, for distribution, the sum of $2,245.62. It is therefore ordered, adjudged, and decreed by the court, that said account be allowed and passed as above stated; and it appearing to the satisfaction of the court that all the debts of the estate, and specific legacies under the will of said Joseph M. Alexander, have been paid; and that, according to said will, the said John D. Alexander is entitled to one-third share of the money above stated to be in his hands for distribution, and the estate of said D. C. Alexander to one-third, and that the remaining one-third is to be equally divided between Susan L. Anderson (the wife of William L. Anderson), Joseph D. Smith, and Albert A. Smith; it is therefore ordered, adjudged, and decreed by the court, as follows: 1. That John D. Alexander is entitled to hold in his own right, out of the balance above stated against him, the sum of $748.54, and that the account as administrator is entitled to a credit by this amount, and that satisfaction for his share be and the same is hereby entered of record. 2. That the estate of Dewitt C. Alexander is entitled to one-third of said balance to be distributed, and that the said John D. Alexander retain in his hands the sum of $748.54, to be accounted for in his settlement as administrator of the estate of the said Dewitt C. Alexander, and that he be credited by the same in his account as administrator of the estate of said Joseph M. Alexander." A decree is then rendered against the administrator, in favor of each of the remaining distributees, for the sum ascertained to be his distributive share of the amount, with an award of execution; and there being certain uncollected judgments, and outstanding claims due the estate, these are divided among the several parties in interest in equal shares as the money had been, one-third of the judgments being "assigned and transferred to

[Alexander v. Alexander.]

the estate of D. C. Alexander," and the amount collected on the claims due the estate, or held as collateral security by it, ordered to "be divided and distributed as follows: to J. D. Alexander, one-third; to the legatees of D. C. Alexander, one-third," and the remaining third among the other distributees. The decree then proceeds: "And it appearing that the said administrator has filed in this court his resignation in writing of his said administration; and that he has fully administered said estate, and has accounted for all the assets which have come to his hands, or for which he is chargeable, and that he has paid off and discharged all the debts of said estate, and all the legacies under said will; it is therefore ordered, adjudged, and decreed by the court, that said resignation be received, and entered of record, and that said John D. Alexander be, and he is hereby, fully and forever discharged," &c.

The bill alleged that these settlements and decrees were void for want of jurisdiction in the Probate Court, on account of the antagonistic relations occupied by the executor; and there were also some charges of fraud, and allegations of errors and mistakes. It was alleged, also, "that all the debts due by the said D. C. Alexander, and for the payment of which his estate was liable, have been paid off, and nothing remains to be done therein but to distribute the estate among those entitled under the will." The defendant demurred to the bill, for want of equity, and because the personal representative of Dewitt C. Alexander's estate was not made a party; and he also submitted a motion to dismiss the bill for want of equity. The chancellor overruled the demurrer and the motion, and his decree is now assigned as error.

The bill was filed in the Chancery Court of Marengo, and the cause was transferred to Dallas by consent.

BROOKS & ROY, for appellant.—This case is not within the influence of several decisions of this court which hold that, in the absence of a special statute authorizing it, the Probate Court could not settle the accounts of an executor or administrator who occupied antagonistic relations, being the personal representative of two estates adversely interested, and that the only remedy was in equity. There was a statute authorizing this settlement (Rev. Code, § 1998), and all its requisitions were complied with. The case of *Hays v. Cockrell,* 41 Ala. 80, is the only case in which there was an attempt to comply with the provisions of this statute; and it was there held that the machinery provided by the statute was not sufficient to meet and overcome the difficulties of that particular case. But, in that case, the court was exercising a new jurisdiction, in requiring an executor to settle his testator's administration of another

[Alexander v. Alexander.]

estate; and it was necessary to make a decree for the recovery of money, on which an execution might issue, to be levied of the goods and chattels of the testator's estate.—See page 77 of the report. Here, there was no such difficulty: it was only necessary to ascertain the amount in the hands of the administrator belonging to the estate of D. C. Alexander, and to order that he retain it in his hands as the personal representative of that estate; just as he was ordered to retain his own distributive share, and just as an administrator was ordered, before the statute, to retain the distributive share of an infant whose guardian he was.—*Sankey v. Sankey*, 8 Ala. 601. If the case had been decided under the present statute (Code, §§ 2529, 2625), and its provisions had been complied with, the validity of the decrees could not be doubted; and yet, so far as the particular facts and circumstances of the case are concerned, the two statutes are substantially the same, and the same decree would have been rendered under the present statute. "It is not the possibility of difficulty in this respect which divests the jurisdiction of the Probate Court, but its actual occurrence." *Baldwin v. Deming's Adm'r*, 51 Ala. 555. The case was within the letter and spirit of the statute, and within the evil which the statute was intended to remedy. If the statute does not embrace such a case, it would be difficult to find any field or scope of operation for it; it would be powerless for good, and powerful only for evil to those who relied on it.

W. E. & R. H. CLARKE, and PETTUS, DAWSON & TILLMAN, *contra*, cited *Hays v. Cockrell*, 41 Ala. 75; *Carswell v. Spencer*, 44 Ala. 204; *Griffin v. Pringle*, 56 Ala. 486; *Tankersly v. Pettis*, 61 Ala. 355.

STONE, J.—Under many rulings of this court, we feel bound to maintain the equity of this bill. When the several alleged final settlements of the estate of Joseph M. Alexander were made in the Probate Court, John D. Alexander, the appellant, was the personal representative, not only of that estate, but of the estate of Dewitt C. Alexander, a son and legatee of John M. Of whatever sum there should be found for division or distribution, the estate of Dewitt C. would be entitled to a share. So, in any contest that might arise between the two estates, John D. would sustain conflicting relations. The Probate Court, under our rulings, was without jurisdiction to make these settlements. We do not feel at liberty to depart from those rulings.—*Hays v. Cockrell*, 41 Ala. 75; *Tankersly v. Pettis*, 61 Ala. 364.

2. According to the averments of the bill in this case, no act of administration is wanted, except the making of a final

[Johnston & Stewart v. Riddle.]

settlement. In such case, there is no need of an administrator of the estate of Dewitt C. Alexander.—*Fretwell v. McLemore,* 52 Ala. 124; *Baines v. Barnes,* 64 Ala. 375.

Affirmed.