# Clark, Adm'r, *v.* Head, Adm'r *ad litem.*

*Final Settlement of Insolvent Estate in Probate Court.*

1. *Settlement of administration on decedent's estate ; when probate court without jurisdiction.*—Jane R. died leaving her brother, Richard R., one of her heirs at law and distributees. Afterwards he died, and his estate was declared insolvent. At the time of his death, he was a large debtor to the estate of Jane R., and the claim was regularly proved and filed against his insolvent estate. C. is, and for many years has been the administrator of both estates. The settlement of the administration of Jane R.'s estate has been removed into, and is pending in the chancery court. C., as administrator of the insolvent estate of Richard R., having been cited to make a final settlement of his said administration in the probate court, pleaded the facts stated above, as ousting the jurisdiction of that court to make the settlement. *Held,* that neither estate could be completely settled, without taking into the account the settlement of the other, thus requiring the largely flexible powers of a court of equity; and that the powers of the probate court being inadequate to administer just and final relief in the premises, that court was without jurisdiction to make the settlement.

[Clark, Adm'r, v. Head, Adm'r ad litem.]

APPEAL from Greene Probate Court.
Tried before Hon. W. C. OLIVER.
The facts are sufficiently stated in the opinion.

T. C. CLARK and THOS. W. COLEMAN, for appellant.

THOS. SEAY and JAS. E. WEBB, *contra*.

STONE, J.—Jane Randolph and Richard Randolph were sister and brother. Jane died without lineal descendants, leaving her brother Richard, who survived her, one of her heirs at law and distributees. Richard then died, and his estate has been decreed insolvent. Richard, at his death, was a large debtor to the estate of Jane, and her claim was regularly proved and filed against the insolvent estate. Thomas C. Clark, the appellant, is, and for many years has been, the administrator of each of said estates. The settlement of the administration of Jane's estate has been removed, and is now pending in the chancery court of Greene county. Clark, as administrator of the insolvent estate of Richard, was cited to make a final settlement of his said administration in the probate court, and he pleaded the facts stated above, as ousting the jurisdiction of the probate court to make the settlement. Demurrers were sustained to his pleas, and final decrees rendered against him, from which the present appeal is prosecuted. The sole question is, had the probate court jurisdiction to make the settlement.

For appellant, it is contended that inasmuch as Clark was the representative of each of the estates, and the interests of the two estates are antagonistic, this of itself deprived the probate court of jurisdiction to preside in the settlement. The following authorities are relied on in support of this view: *Hayes v. Cockrell*, 41 Ala. 75; *Bruce v. Strickland*, 47 Ala. 192; *Griffin v. Pringle*, 56 Ala. 486; *Ex parte Lyon*, 60 Ala. 650; *Tankersly v. Pettis*, 61 Ala. 364. The appellee contends that the probate court had jurisdiction, by virtue of the act of March 17, 1875 (Code of 1876, §§ 2625-6). We deem it unnecessary in this case to consider what effect the statute relied on has on our former rulings, cited above.

The appellant further contends that under the peculiar facts of this case, and the relations these estates bear to each other, the probate court, by reason of its limited, statutory powers, can not administer proper relief, and that on this ground the chancery court is alone competent to settle these complicated accounts.

Richard Randolph's estate is debtor to, and distributee in the estate of Jane Randolph. In order to distribute her estate, it is necessary, first, to reduce the assets to possession. The debt

VOL. LXXV.

from Richard's estate is part of the assets, and, therefore, the *pro rata* of the assets of Richard's estate must be brought in. This, of course, only brings in the *pro rata* share now in hand, and does not include his distributive interest in Jane's estate. That has not been ascertained, and can not be until her estate is settled, and her estate can not be settled until the *pro rata* of the debt from Richard's estate is realized. Considering, now, that the administration of Jane's estate is pending in chancery, and that of Richard's, in the probate court, let us inquire how it will work, beginning, as we must, with a settlement of Richard's estate. Taking the result of the settlement shown in this record as a guide, Richard's estate paid a dividend a little less than twenty per cent. Proceeding next to settle and distribute Jane's estate, Richard's comes in for a distributive share, as one of the next of kin entitled to distribution. And this distributive interest in Jane's estate becomes assets in the hands of Richard's administrator, for a second settlement, distribution and disbursement among his creditors. Jane's estate, being one of his creditors, and the largest, receives another dividend on the debt of Richard's estate, which necessitates a second settlement and distribution of her estate among her next of kin, Richard's estate being one of her distributees. And this forces a third settlement of Richard's estate, and a third distribution among his creditors. Nor would the see-saw process end here, but we have not made the calculation to ascertain how often these cross settlements would have to be repeated, before the fund would be reduced so low, as to be unworthy of contention.

Against this cross contention, almost interminable in its nature, if the settlement of the Richard Randolph estate be transferred to the chancery court, where the settlement of the Jane Randolph estate is pending, then most if not all of these embarrassing difficulties will be obviated. The two accounts being taken together and before the same officer, one report and one decree can mete out equal and exact justice. And this, we hold, furnishes a sufficient equity for transferring the settlement of the Richard Randolph estate to the chancery court. *Stewart v. Stewart*, 31 Ala. 207; *Clark v. Eubank*, 65 Ala. 245; *Wharton v. Moragne*, 62 Ala. 201. The above is a summary of the obstacles in the way of probate jurisdiction, if Richard Randolph's indebtedness to his sister's estate existed before, and at the time of her death.

But suppose, as the record indicates, the indebtedness of Richard accrued after the death of his sister, testatrix, and grew out of his *devastavit* of assets of her estate, in his hands as her personal representative. Would this simplify the accounts? Not in the least. First, having received and failed

[Herring v. Cherry, Smith & Co.]

to account for assets of her estate, could he claim distribution, until he had accounted for the assets he had thus received and converted, possibly in greater amount than his distributive share? Suppose his distributive share should be greater than the sum of his deficit to his sister's estate. This would produce additional assets of his estate, for disbursement among his creditors, excluding, of course, his sister's estate, which would, thereby, have ceased to be a creditor. Suppose, on the other hand, his distributive share should be less than the amount of his default. Then the excess only of his indebtedness would stand a charge against his insolvent estate, entitled, at its then reduced sum, to share in the distribution of his assets. Now, none of these inquiries could be answered—none of these perplexing difficulties solved—without a settlement, not only of Richard Randolph's estate, but of Jane's also. In fact, neither estate could be completely settled, without taking into the account the settlement of the other. Only one tribunal, with largely flexible powers, and by considering the accounts somewhat together, can administer just and final relief in the premises. The powers of the probate court are inadequate to the service. The settlement can be made properly only in the chancery court.

The decree of the probate court is reversed, at the cost of the appellees in the probate court and in this court. The cause will not be remanded.