[Modawell et al. v. Hudson et al.]  ·

# Modawell *et al.* *v.* Hudson *et al.*

*Bill in Equity by Distributees to Charge Sureties on Administrator's Bond.*

1. *Balance decreed against administrator on first settlement, who resigns and becomes his own successor ; distributees may charge sureties on either the first or second bond.*—When an administrator, having resigned, afterwards becomes his own successor, and a balance is decreed against him on settlement of the first administration, the distributees may, at their election, charge the sureties on either the first or the second bond.

2. *Representation of infant distributee on final settlement of guardian ad litem.*—When an infant distributee is represented, on final settlement of an administrator's accounts, by a guardian *ad litem* regularly appointed, the decree is as binding on him as if he were an adult.

3. *Final settlement of administrator's accounts ; when an estate not ready for settlement and distribution, decree must be rendered against him in favor of the succeeding administrator de bonis non.*—On final settlement of an administrator's accounts, when the estate is not ready for settlement and distribution, a decree against him must be rendered in favor of the succeeding administrator *de bonis non* (Code, § 2595); and if he has been appointed his own successor, the probate court has, ordinarily, no jurisdiction to make the settlement.

4. *Settlement by administrator, who is his own successor, of both administrations, &c.; when sureties on first bond can not be charged.*—If the

[Modawell et al. v. Hudson et al.]

administrator is summoned to settle both administrations on the same day, and a balance is first ascertained against him on the statements of the accounts of the first administration, which, at the instance of the distributees, is carried as a debt into the second, they can not afterwards, by bill in equity, charge the sureties on the first bond with the amount of this balance, on the ground that the court, by reason of the antagonistic positions occupied by the administrator, had no jurisdiction of the first settlement.

APPEAL from the Chancery Court of Perry.
Heard before Hon. THOMAS COBBS.

PETTUS & DAWSON, and BROOKS & ROY, for appellants.

JAMES E. WEBB, contra.

STONE, C. J.—W. B. Modawell was appointed administrator *de bonis non* of the estate of Richard H. Hudson in 1865, and gave bond, with Elijah Steele, Robert L. Steele and S. S. King as his sureties. He entered upon the administration. On the 13th day of February, 1871, he resigned his said administration, leaving part of the assets not reduced to money, nor in form for distribution, and leaving some of the liabilities of the estate unpaid. On the 15th day of February, 1871, he was again appointed administrator of said estate, and gave another bond, with different sureties. After his second appointment, he proceeded to complete the administration, by collecting up the unpaid dues, and paying the unpaid debts. Of the dues collected during the second administration, there appears to have been about the sum of thirteen hundred and seventy-six dollars, at the time the several collections were made ; and the principal of the sums he disbursed during the second administration was about the sum of one thousand and sixteen dollars. It is thus seen, that, at the time he resigned the first administration, the estate was not fully administered, and the administration was not ready for final and complete settlement, so as to dispense with the necessity of administration *de bonis non*.

In 1877 the said W. B. Modawell, being cited thereto, filed his accounts current in the probate court for a final settlement of the two administrations—the settlements to be made separately, though set for the same day. Regular continuances were had, from time to time, until May, 1878, when the two settlements were made—that of the first administration being first considered and disposed of. No irregularity is shown in either of these settlements, except that complainants in this suit and cross-suit contend that, because Modawell was his own successor, the probate court was without jurisdiction to conduct the settlement of the first administration. The dis-

[Modawell et al. v. Hudson et al.]

tributees had notice, and were properly represented on this settlement; and it is shown that the administrator was charged to the full extent of his liability. Nothing was lost to the distributees, which skill and diligence could charge the administrator with, as is shown by this record. The result of the account taken in the settlement of the first administration was, that a balance of over nineteen thousand dollars was found against him, as of date February 13, 1871.

The settlement of the second administration was then entered upon. The administrator, at the conclusion of the first settlement, had moved the court that order of distribution be then made, distributing the sum found due at the close of the first administration. This was successfully resisted by the distributees, and the ascertained balance was carried forward as a debit into the second settlement. The second settlement was then made, and a distribution ordered of the entire unadministered assets of the two administrations, and decrees were rendered therefor in the settlement of the second administration. This was in May, 1878.

The bill in this cause was filed in January, 1882, and seeks to fasten a liability on the sureties given in the first administration, for the default ascertained in the settlement of that administration. The sureties on the first bond pleaded the probate decrees of distribution, noted above, in bar of the present suit. The chancellor overruled the plea, and granted the relief prayed by complainants.

The equitable ground claimed in the bill is, that because, when Modawell resigned his first administration, the estate was not fully administered, and was not ready for settlement, any decree of final settlement, rendered in the close of that administration, must have been rendered in favor of the administrator *de bonis non*, and could not be rightfully rendered in favor of the distributees. The following authorities are relied on in support of this view.—Code of 1876, § 2955; *Waring v. Lewis*, 53 Ala. 615, 628; *Glenn v. Billingslea*, 64 Ala. 345; *Hatchett v. Billingslea*, 65 Ala. 16; *Martin v. Ellerbe*, 70 Ala. 326. In the second place, it is contended that Modawell being his own successor—filling the place of him in whose favor the decree should be rendered—that this presented no possible antagonism of parties—that there could be no decree rendered in favor of Modawell, administrator, against himself, either in a personal or fiduciary capacity, and that therefore the probate court was without jurisdiction to make the settlement.—*Hays v. Cockrell*, 41 Ala. 71; *Griffin v. Pringle*, 56 Ala. 486; *Tankersly v. Pettus*, 61 Ala. 354; *Ex parte Lyon*, 60 Ala. 650; *Alexander v. Alexander*, 70 Ala. 212; *Clark v. Head*, 75 Ala. 373. From these premises, which must, as a

general rule, be conceded to be sound, it is claimed that the probate court had no jurisdiction of the settlement of the first administration, and that that attempted settlement must be treated as a nullity. On this postulate it is claimed that the present bill must be treated as one by distributees to bring an administrator to a settlement in the Chancery Court, with no precedent or proceedings therefor in the probate court to oust its jurisdiction.

There can be no question that the probate court had jurisdiction to preside and decree in the settlement of the second administration; and that the decree rendered on that settlement is as binding, as full jurisdiction regularly exercised, can make it.—*Alexander v. Alexander*, 70 Ala. 357; *Vincent v. Martin*, 79 Ala. 540. And it is settled beyond all peradventure by the rulings of this court, that circumstanced as these complainants were, they were armed with the option and election of fastening the default on the first administration, during which it was committed, or on the second, for negligence in the administrator, in not bringing the funds within its administrative control.— *Whitworth v. Oliver*, 39 Ala. 286; *Steele v. Graves*, 68 Ala. 17; *Willis v. Willis*, 16 Ala. 652; *Sewell v. Buckley*, 54 Ala. 592; *Modawell v. Hudson*, 57 Ala. 75. And the fact that Alice Hudson was at the time a minor can make no difference. She was represented by a guardian *ad litem* duly appointed, who, with his counsel, contested every step taken in each of the settlements. The decree is as binding on her as if she had been an adult.—*Otis v. Dargan*, 53 Ala. 178; *Waring v. Lewis*, *Ib.* 615; *Hutton v. Williams*, 60 Ala. 133; *Hatchett v. Blanton*, 72 Ala. 423. It is not claimed in the present bill that a greater liability rests on Modawell, than was ascertained and decreed against him in the probate settlement.

It is contended, as we have said above, that the probate court was without jurisdiction to preside in the settlement of the first administration, because the statute requires that when there is a succeeding administrator, the decree must be rendered in his favor.—(Code, § 2595)—and Modawell being his own successor, no decree could be rendered in his favor against himself. This provision of the statute is, by its own terms, mandatory only when the estate can not be finally closed on such settlement. When the settlements were made, May, 1878, the estate was in condition to be finally closed, for no act of administration remained to be done, except to make the settlement. If, under the facts shown in this record, there had been a final decree, and distribution ordered at the close of the settlement of the administration, it is difficult to perceive or to formulate an argument to show, that such decree would not be

[Modawell et al. v. Hudson et al.]

binding on all parties affected by it, and irreversible at the suit of any or either of them. We need not decide this.

In making settlement of the second administration there was no want of jurisdiction in the probate court. The distributees, as we have shown, had the option and right to bring the deficit in the first administration, as debit into the settlement of the second. It was so brought in and decreed, and the bill in this case does not deny that the just and full amount of default was so brought in and allowed against the administrator. It would perhaps be enough if the distributees stood silently by, and permitted this to be done. —*Mims v. Norris*, 58 Ala. 202; *Vincent v. Martin*, 79 Ala. 540. They did more in this case. It was at their instance this default was brought forward and decreed in the settlement. Having thus elected to fasten the liability on the second administration, and the sureties on the second bond, can they be allowed to retrace their steps, and fix the default on the first set of sureties? And having, in the exercise of an undoubted option and right, obtained a strictly lawful decree binding on the second sureties, which no court would or could reverse, will the complainants be now allowed to obtain another decree, for the same default, and in the same amount, against the sureties on the first bond, whose exoneration had necessarily been decreed by the election to charge the second sureties, carried into a valid and binding decree against them? Suppose this suit was by the sureties on the second administration bond, claiming that the default committed during the first administration should be lifted from their shoulders, and decreed against the bondsmen of the first administration; and suppose the same facts were presented as are shown in this record; would it be contended that a bill seeking such relief contained equity?

We have said the complaint in this case does not pretend that the true and full amount of Modawell's default was not ascertained and decreed against him. The present bill claims nothing additional. Its sole purpose is to fix the greater part of the liability on other and different parties. If it were charged and shown that there was a larger default than that ascertained in the probate court, then it would be necessary to inquire whether that court had jurisdiction to conduct the settlement of the first administration.— *Vincent v. Martin, supra.* The probate court having unquestioned jurisdiction of the settlement of the second administration, and the election of the distributees to carry the default of the first as a debit into the second administration, rendering it necessary to ascertain the extent of that default, it was immaterial how that important fact was arrived at, provided it was correctly done. The decrees of distribution being in all respects regular and for the

proper sums, the fact that by irregular processes, if you please, the account was taken—correctly taken—without invoking the powers of the Chancery Court, can give the present complainants no right to maintain this bill. Their opportunity was to claim or accept distribution, when the true account of the first administration was ascertained in the probate court, or, if necessary, to have sought relief in the Chancery Court, before electing or allowing that balance to become absorbed and decreed in the second administration.

Neither the original nor cross-bill makes a case for relief. The decree of the chancellor is reversed, and a decree here rendered, dismissing both the orginal and cross-bills, at the cost of the several complainants therein.

Reversed and rendered.