# Eatman v. Eatman.

## Bill in Equity to compel Settlement of Administration.

1. *Administrator occupying antagonistic relations; settlement of accounts of.*—When the estate of the deceased husband is indebted to the estate of the deceased wife, and the same person is the administrator of each estate, the Probate Court has no jurisdiction, on final settlement of his accounts as administrator of the former, to render a decree against him in favor of himself as administrator of the latter estate; but, on final settlement of his accounts as the administrator of the wife's estate, the only child of the marriage being represented by a guardian *ad litem*, and being declared the only distributee of the estate, the decree is not void on its face for the want of jurisdiction, nor can its validity be assailed by the child, on the ground that the husband's estate was also a distributee and necessary party, and that the administrator was the personal representative of each estate.

2. *Presumption of payment, when administrator represents both debtor and creditor estates.*—When the same person is the administrator of the respective estates of the deceased debtor and creditor, and a decree is rendered against him as administrator of the former, in favor of himself as administrator of the latter estate, which is void for want of jurisdiction, no presumption arises in his favor, or in favor of a surety on his bond as administrator of the debtor estate, that he has paid or transferred the assets in his hands from the debtor to the creditor estate.

3. *Statute of limitations, in favor of surety on administration bond.* The statute of limitations in favor of the sureties on the official bond of an administrator (Code, § 3226, subd. 7), as judicially construed, does not begin to run until there has been a judicial ascertainment of the administrator's liability; and a decree rendered on final settlement of his accounts, if void for want of jurisdiction in the court, has no such effect.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. THOS. COBBS.

G. B. MOBLEY, for the appellant, cited *Clark v. Head*, 75 Ala. 373; *Hayes v. Cockrell*, 41 Ala. 75; *Bruce v. Strickland*, 47 Ala. 192; *Griffin v. Pringle*, 56 Ala. 476; *Ex parte Lyon*, 60 Ala. 650; *Tankersley v. Pettis*, 61 Ala. 364; *Alexander v. Alexander*, 70 Ala. 212; Freeman on Judgments, § 117; *Harrison v. Heflin*, 54 Ala. 532; *Greenlee v. Greenlee*, 62 Ala. 330; *Kimball v. Moody*, 27 Ala. 130; *Whitworth v. Oliver*, 39 Ala. 286; *Seawell v. Buckley*, 54 Ala. 592; *Modawell v. Hudson*, 57 Ala. 75; *Lee v. Lee*, 67 Ala. 406; 69 Ala. 294; Perry on Trusts, §§ 854, 870; *Wright v. Lang*, 66 Ala. 389; *Martin v. Tally*, 72 Ala. 23; *Fretwell v. McLemore*, 52 Ala. 124; *Adams v. Jones*, 68 Ala. 117.

J. B. HEAD, *contra*, cited *Whitlow v. Echols*, 78 Ala. 206 ; *Hutton v. Williams*, 60 Ala. 137 ; *Alexander v. Alexander*, 70 Ala. 357 ; *Otis v. Dargan*, 53 Ala. 178 ; *Waring v. Lewis*, 53 Ala. 615 ; *Johnson v. Johnson*, 5 Ala. 90 ; *Colbert v. Daniel*, 32 Ala. 314 ; *Blackwell v. Blackwell*, 33 Ala. 57 ; *Nettles v. Nettles*, 67 Ala. 600 ; 7 Sm. & Mar. 219 ; 1 Dev. & Bat. Eq. 325 ; 3 Strobh. Eq. 39 ; *Modawell v. Hudson*, 57 Ala. 75 ; 14 Amer. Dec. 265 ; 29 *Ib.* 72 ; 51 *Ib.* 167.

SOMERVILLE, J.—The bill was filed on the 11th September, 1886, by Henry M. Eatman, who is here the appellant, against Nathan Eatman, as the common administrator of the estates of Henry T. Eatman and Joseph Ann· Eatman, who were respectively the father and mother of complainant, he being their only child. The complainant claims as distributee of the mother's estate, and the bill alleges that this estate was the only creditor of the estate of the father, which had been regularly declared insolvent by the Probate Court. A final settlement in that court, or what purported to be such, was made of the mother's estate in December, 1873, and like settlements of the father's estate in December, 1873, and again in December, 1874. The purpose of the bill is to bring the administrator to a settlement of the two estates, the purported settlements in the Probate Court being alleged to be void for want of jurisdiction in that tribunal. One Barnes is also made party defendant to the bill, as the only surviving solvent surety on the administration bond of Henry T. Eatman's estate. The chancellor sustained a demurrer to the bill, and this ruling is here assigned as error.

It is insisted by the appellant, that both of these settlements are void, on the ground that the defendant, Nathan Eatman, was the administrator of each estate at one and the same time, and that the interest of each was antagonistic to that of the other ; and that the existence of this dual and antagonistic relation deprived the Probate Court of its jurisdiction.—*Clark v. Head*, 75 Ala. 373, and cases cited on p. 374.

It is very clear that the alleged settlements of the estate of Henry T. Eatman, the deceased father, were void on the ground mentioned, because no guardian *ad litem* was appointed to represent the complainant, who was then a minor, and because the record shows on its face that a decree was attempted to be rendered in favor of the appellee, as administrator of one estate, against himself as administrator of another estate, which the Probate Court was without juris-

[Eatman v. Eatman.]

diction to do.—*Alexander v. Alexander*, 70 Ala. 212; *Hays v. Cockrell*, 41 Ala. 75; *Tankersley v. Pettis*, 61 Ala. 364.

It does not follow, however, that the settlement of Mrs. Eatman's estate, which took place December 15th, 1873, was also void for want of jurisdiction. The mere fact that the same person was administrator of both estates, did not operate to make the interests of the two antagonistic. Upon the face of the record of settlement itself, it appeared that the appellant was the only person entitled to any distributive interest in the estate. It did not appear, as now for the first time asserted, that there was any other distributee who could, or ought to have been made a party. This, if true, is a fact *dehors* the record. The case, therefore, falls within the rule settled in *Whitlow v. Echols*, 78 Ala. 208, where we held that a judgment of the Probate Court would not be declared void, when assailed by parties to the record, because it was made to appear from evidence *dehors* the record that a person not named in the proceeding for partition of property was in fact interested; and that this result would follow only where the absence of the jurisdictional fact appeared *on the face* of the petition. In settling the estate of Mrs. Eatman, the Probate Court judicially determined that the complainant, who was present by his guardian *ad litem*, was the sole distributee of the estate, and by necessary implication, therefore, that the estate of Henry T. Eatman, of which appellee was administrator, had no interest therein, as distributee or otherwise. The appellant, being a party to the record in that proceeding, is now estopped from attacking the settlement upon the ground urged in the bill. It does not lie in his mouth to complain that he got all there was of his mother's estate, and whatever rights others may have, as to him the settlement is conclusive.

But, while this is so, the complainant, in our opinion, shows a *prima facie* right of recovery against the estate of Henry T. Eatman, and the defendant Barnes, as surety on his administration bond. In opposition to this view, the appellee contends, that admitting the fact that this estate was largely indebted to the estate of Mrs. Eatman, and that the latter estate has been finally settled, the presumption is, that the appellee, as common administrator of both estates, transferred this indebtedness from the administration of the husband's estate to that of the wife, and in his capacity as administrator of the latter fully accounted for it on final settlement. The attempted settlement of Henry T. Eatman's estate, as we have said, was void, the Probate Court being without jurisdiction to make it. As a judicial pro-

[Eatman v. Eatman.]

ceeding, therefore, it neither bound no barred any one. It neither created, nor divested any legal rights.—Freeman on Judg. (3d ed.), § 117. The rendition of the so-called judgments in that court, in favor of the administrator, against himself, could not create any rights in his favor, which would bar the complainant of his right of election to proceed against him in his capacity as administrator of the husband's estate. True, it might amount to an admission by him that he would henceforth hold the estate and account for it as administrator of Mrs. Eatman, the mother's estate, which might operate as a transfer of the fund, by operation of law, from the one estate to the other, at the option of the complainant; but it could not have the effect of absolutely extinguishing the liability of himself as administrator of the father's estate, or of his sureties on that administration bond, upon the theory of a presumption of payment, based on the fact that the right to demand, and the obligation to pay, co-existed in him. The authorities are clear on this point.—*Modawell v. Hudson*, 80 Ala. 265; *Seawell v. Buckley*, 54 Ala. 592; *Hutton v. Williams*, 60 Ala. 107; *Modawell v. Hudson*, 57 Ala. 75.

The last attempted settlement of Henry T. Eatman's estate was in December, 1874, which was one year later than the final settlement of Mrs. Joseph Ann Eatman's estate. This was an admission by appellee, rebutting the supposition of the alleged transfer of the assets by him to his account as administrator of the latter estate. We construe the averments of the bill to negative the fact of such transfer, and our decision must be confined to this view of the case.

Under the allegations of the bill, the case, then, stands thus: The estate of Henry T. Eatman, having never been settled, is open for that purpose, the jurisdiction of the Probate Court not being plenary or adequate to that end. The complainant is the equitable owner of the only claim proved against that estate—he being the sole distributee of his mother's estate—that estate having been finally settled, and its debts paid; and the claim here asserted having been omitted to be carried forward by the administrator to his account in that settlement. His right to resort to a court of equity, under these circumstances, is apparent without discussion.

The defense of the statute of limitations of six years was not a bar to the suit, against either the appellee, or Barnes, as surety on his administration bond. The void proceeding in the Probate Court, purporting to be a settlement, did not set in operation the running of the statute. The statute

[Garrett v. Trabue, Davis & Co.]

of limitations does not begin to run in favor of sureties on the bonds of executors and administrators, until the judicial ascertainment of the principal's liability.—*Fretwell v. McLemore*, 52 Ala. 124; *Wright v. Lang*, 66 Ala. 389; *Adams v. Jones*, 68 Ala. 117. A void judicial proceeding, which can neither confer nor divest legal rights, is not a judicial ascertainment of anything. There is nothing in the facts attending this proceeding which shows an open and notorious change in the nature of the defendant's holding of the estate assets, or such repudiation of his trust relationship to the estate of Henry T. Eatman, as to convert such possession of the trust fund into a possession that was adverse to the appellant.

Under these views, the court erred in sustaining the demurrer to the bill; and the chancellor's decree is reversed, and the cause remanded.