PER CURIAM.
Lananderious Bolden was indicted for three counts of capital murder. Bolden moved to dismiss the indictment. At the hearing on the motion to dismiss, the trial court informed the parties that at the time of trial the court would order the State to elect one count of capital murder to pursue and it would then dismiss the remaining two counts. The State petitioned this Court for a writ of mandamus and/or a writ of prohibition preventing the trial court from ordering the State to elect one of the three counts of capital murder to pursue at trial.
A writ of mandamus and a writ of prohibition are drastic and extraordinary writs and will not issue if there is another adequate remedy available. Ex parte Brooks, 572 So.2d 409, 411 (Ala.1990)(“Mandamus is not a substitute for appeal and is not available when there is a remedy by appeal.”); Ex parte Lyon, 60 Ala. 650 (1877)(“Like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress.”). Rule 15.7, Ala. R.Crim. P., provides that in any case involving a felony the State may appeal a trial court’s pretrial order dismissing an indictment. The trial court has not yet entered an order dismissing any counts of the indictment in this case, and because an appeal, not a petition for a writ of mandamus or a writ of prohibition, is the proper vehicle by which to bring the trial court’s dismissal of counts in an indictment before the appellate court, the State’s petition is denied.
PETITION DENIED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.