# Vaughan v. Suggs.

82 357
108 319

*Petition to set aside Probate Decree on Final Settlement of Administrator's Accounts.*

1. *Estoppel by judgment or decree.*—When, on final settlement of an administrator's accounts, a decree is rendered in his favor as guardian of the infant distributees, and the letters of guardianship bear date on the day the decree is rendered, he is estopped from denying that the relation of guardian and ward existed between him and said distributees when the decree was rendered.

2. *Administrator occupying antagonistic relations; decree on settlement of accounts.*—A probate decree rendered against an administrator, on final settlement of his accounts, in favor of himself as guardian of some of the infant distributees, is void for want of jurisdiction, although the infants were represented on the settlement by a guardian *ad litem.*

APPEAL from the Probate Court of Franklin.

Heard before the Hon. JAMES M. JORDAN.

In the matter of the petition of William F. Vaughan and others, heirs at law and distributees of the estate of William Vaughan, deceased, to set aside a decree rendered on the final settlement of the accounts and vouchers of W. C. Suggs and Elbert Vaughan, as administrators of said estate. The decree was rendered on the 17th April, 1871, and recites that the minor heirs and distributees were represented on the settlement by a guardian *ad litem.* By the terms of the decree, the sum of $99.13 was adjudged to "Elbert Vaughan, as guardian of Alice, William F., James and Jennie Vaughan, grandchildren of said decedent, the distributive share of each being $24.78;" and the decree further directed, "that Elbert Vaughan, as guardian of the said minors, retain in his hands the amounts severally due to each." The petition to set aside this decree was filed on

the 16th November, 1886, and sought to vacate and annul it on the ground that it was void for want of jurisdiction, on account of the dual and antagonistic relations of said Elbert Vaughan as administrator and guardian. On the hearing of the petition, the petitioners having read in evidence the decree they sought to set aside, the defendants offered in evidence the letters of guardianship granted to said Elbert Vaughan, which were dated April 17th, 1871; and the order granting them, which was not dated, but, as the bill of exceptions states, "occupied a position on the docket *after* said settlement;" and the court admitted this evidence, against the objection and exception of the petitioners. This being all the evidence, the court dismissed the petition, and the petitioners excepted to its ruling and decree. The admission of the evidence objected to, and the decree of the court, are now assigned as error.

BRICKELL, SEMPLE & GUNTER, for the appellants, cited *Hays v. Cockrell*, 41 Ala. 75; *Tankersly v. Pettis*, 61 Ala. 361; *Hamner v. Mason*, 24 Ala. 480 ; 1 Green. Ev. § 534.

G. C. ALMON, and WATTS & SON, *contra*, cited *Stabler v. Cook*, 57 Ala. 23; *Cunningham v. Thomas*, 59 Ala. 158.

SOMERVILLE, J.—1. The decree rendered by the Probate Court on the final settlement of the estate of William Vaughan, deceased, bears date April 17th, 1871. It shows on its face that one of the appellees, Elbert Vaughan, who was one of the administrators of the estate, was also guardian of several of the minor distributees—a judgment, or decree, being rendered in his favor as guardian, for the distributive share of these parties in the estate. The letters of guardianship as recorded, bear the same date with the said decree of final settlement—April 17th, 1871; and the order of the probate judge making the appointment bears no date. The record is itself thus conclusive of the fact, that the appellee, Elbert Vaughan, was guardian of the appellants at the time the settlement was made. He is estopped by the judgment itself from denying this fact, which is established by the judgment, he being a party to the proceeding in which it was rendered. The probate judge erred in allowing any proof to the contrary, and in holding, on this state of facts, that the relationship of guardian and ward did not exist at the time of the making of the settlement.

2. Such being the fact, the same person, Elbert Vaughan, was both administrator of the decedent's estate, and guard-

[Ex parte Gresham.]

ian of the distributees of such estate, thus occupying an inconsistent and antagonistic relation, which, under the rule announced by this court in *Hays v. Cockrell*, 41 Ala. 78, and since followed, deprived the Pr obate Court of all juris-diction of the settlement, and rendered its action in the premises entirely void.—*Tankersly v. Pettis*, 61 Ala. 354. Nor would the rule be different by reason of the fact that the distributees were represented on the settlement by a guardian *ad litem.*—*Alexander v. Alexander*, 70 Ala. 212.

The decree of settlement in the Probate Court bearing date April 17th, 1871, being void, the proper mode of reach-ing the defect was by petition to the judge of that court to set it aside, and declare it vacated.

The judgment here appealed from is accordingly reversed, and this court, proceeding to render the decree which the Probate Court should have rendered, doth hereby adjudge that said decree of April 17th, 1871, rendered by the Pro-bate Court of Franklin county in the settlement of the said estate of William Vaughan, deceased, be annulled, vacated, and set aside, so far only as the petitioners are concerned, pursuant to the prayer of the petition. And said appellees are taxed with the costs of appeal in this court, and the entire costs in the court below.

Reversed and rendered.